UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUSAN MOUNT,

        Plaintiff

v.

ZALE DELAWARE, INC.,

        Defendant

Civil Action No.: 04-30152-

# COMPLAINT AND JURY DEMAND

## Parties

1. The Plaintiff, Susan Mount, is a natural person currently residing at 26 Morewood Drive, Pittsfield, Berkshire County, Massachusetts.

2. The Defendant, Zale Delaware, Inc., is a corporation with a principal business address believed to be located at 901 West Walnut Hill Lane, Irving Texas 75038.

## Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1332 and otherwise. The amount in controversy is in excess of $75,000.00, and there are federal-law claims set forth herein.

## Facts

4. The Plaintiff began her employment in or about June of 1999 as a full-time employee under the job title of manager counselor.

5. Over the time of her employment, the Plaintiff has always performed her job responsibilities well and received increases in wages.

6. The Plaintiff was an excellent employee with an excellent work record.

7. In the year 2003, the Plaintiff took disability leave due to her medical condition for depression.

8. The management of the Defendant knew that the Plaintiff was ultimately diagnosed with depression, and the Plaintiff provided the Defendant with information and medical documentation in this regard.

9. The Plaintiff requested reasonable accommodation with regard to her symptoms and treatment for the referenced depression.

10. Prior to her discriminatory termination of employment, the Plaintiff requested a reasonable accommodation in that she requested some time off from work for further treatment for depression.

11. Prior to her discriminatory termination of employment, the Plaintiff also requested a reasonable accommodation in that she sought to keep her same work schedule and hours that she had prior to her medical leave, and she was denied that work schedule. In fact, the Defendant significantly changed the Plaintiff's work schedule and hours to her detriment when the Plaintiff was ready to return to work.

12. Instead of receiving reasonable accommodation, the Plaintiff's employment was terminated.

13. The Defendant's policies and handbooks appear to provide for time off for personal and/or medical reasons.

14. The Plaintiff was out of work under the Family Medical Leave Act (FMLA) and on disability leave and then her employment was essentially terminated.

15. The Plaintiff had approved FMLA leave at least until June 27, 2003, and her employment was terminated on June 26, 2003.

16. The Plaintiff could have performed the essential functions of her job with some reasonable accommodation from the Defendant.

17. The Defendant's management made statements that led the Plaintiff to believe that taking leave under the FMLA and disability leave upset them and that her disability and handicap upset them.

18. The Plaintiff's employment was terminated and she was retaliated against for taking time under the FMLA and for her handicap and disability and for seeking a reasonable accommodation.

19. The Plaintiff's overall performance did not suffer as a result of her medical condition or with being absent at times due to her medical condition.

20. The Plaintiff has satisfied the prerequisites to filing suit.

## Count I
### (Violations Of Americans With Disabilities Act– 42 U.S.C. § 12101, et. seq.–Handicap and Disability Discrimination)

21. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

22. The Defendant failed to follow the requirements of the Americans With Disabilities Act.

23. The Plaintiff was treated adversely and differently because of her disability and handicap and for requesting reasonable accommodation.

24. The Plaintiff requested to take leave for her handicap and disability and the Defendant took adverse action against the Plaintiff for taking such leave.

25. The Plaintiff requested a reasonable accommodation for her handicap and disability and was denied that reasonable accommodation.

26. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected, based upon the Plaintiff's handicap and disability and medical condition.

27. The Plaintiff is a qualified handicapped person.

28. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Mount, respectfully requests judgement against the Defendant and for all damages available pursuant to the Americans With Disabilities Act and otherwise.

### Count II
### (Violations Of Americans With Disabilities Act– 42 U.S.C. § 12101, et. seq.–Retaliation)

29. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

30. The Defendant failed to follow the requirements of the Americans With Disabilities Act.

31. The Plaintiff was treated adversely and differently because of her disability and handicap and for requesting reasonable accommodation.

32. The Plaintiff requested to take leave for her handicap and disability and the Defendant took adverse action against the Plaintiff for taking such leave.

33. The Plaintiff requested a reasonable accommodation for her handicap and disability and was denied that reasonable accommodation.

34. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected, based upon the Plaintiff's

handicap and disability and medical condition. The conduct of the Defendant amounts to retaliation.

35. The Plaintiff is a qualified handicapped person.

36. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Mount, respectfully requests judgement against the Defendant and for all damages available pursuant to the Americans With Disabilities Act and otherwise.

### Count III
### (Violations Of M.G.L. c. 151B–Handicap And Disability Discrimination)

37. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

38. The Defendant failed to follow the requirements of the M.G.L. c. 151B relative to handicap discrimination.

39. The Plaintiff was treated adversely and differently because of her disability and handicap and for requesting reasonable accommodation.

40. The Plaintiff requested to take leave for her handicap and disability and the Defendant took adverse action against the Plaintiff for taking such leave.

41. The Plaintiff requested a reasonable accommodation for her handicap and disability and was denied that reasonable accommodation.

42. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected, based upon the Plaintiff's handicap and disability and medical condition.

43. The Plaintiff is a qualified handicapped person.

44. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Mount, respectfully requests judgement against the Defendant and for all damages available pursuant to the provisions of M.G.L.c. 151B and otherwise.

### Count IV
### (Violations Of M.G.L. c. 151B–Retaliation)

45. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

46. The Defendant failed to follow the requirements of the M.G.L. c. 151B relative to handicap discrimination and retaliation.

47. The Plaintiff was treated adversely and differently because of her disability and handicap and for requesting reasonable accommodation.

48. The Plaintiff requested to take leave for her handicap and disability and the Defendant took adverse action against the Plaintiff for taking such leave.

49. The Plaintiff requested a reasonable accommodation for her handicap and disability and was denied that reasonable accommodation.

50. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected, based upon the Plaintiff's for her handicap and disability and medical condition. This conduct of the Defendant amounts to retaliation.

51. The Plaintiff is a qualified handicapped person.

52. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Mount, respectfully requests judgement against the Defendant and for all damages available pursuant to the provisions of M.G.L.c. 151B and otherwise.

## Count V
### (Violations Of Family Medical Leave Act–29 U.S.C. § 2601, et. seq.)

53. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

54. The Defendant failed to follow the requirements of the Family Medical Leave Act, including but not limited to, the requirements for notice postings and for the termination of the Plaintiff's employment during an approved leave.

55. The Plaintiff requested to take leave for her disability and handicap and the Defendant took adverse action against the Plaintiff for taking such leave.

56. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's disability and handicap and her taking leave.

57. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Mount, respectfully requests judgement against the Defendant and for all damages available pursuant to the Family Medical Leave Act and otherwise.

## Count VI
**(Violations Of Family Medical Leave Act–29 U.S.C. § 2601, et. seq.–Retaliation)**

58. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

59. The Defendant failed to follow the requirements of the Family Medical Leave Act, including but not limited to, the requirements for notice postings and for the termination of the Plaintiff's employment during an approved leave.

60. The Plaintiff requested to take leave for her disability and handicap and the Defendant took adverse action against the Plaintiff for taking such leave.

61. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected, based upon the Plaintiff's disability and handicap and her taking leave. The Plaintiff suffered retaliation in this regard.

62. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Mount, respectfully requests judgement against the Defendant and for all damages available pursuant to the Family Medical Leave Act and otherwise.

**SUSAN MOUNT CLAIMS A JURY TRIAL WITH RESPECT TO ALL CLAIMS SO TRIABLE, PURSUANT TO FED. R. CIV. P. RULE 38 AND OTHERWISE.**

Respectfully submitted,

THE PLAINTIFF
SUSAN MOUNT
By Her Attorney

_____
MICHAEL O. SHEA, ESQUIRE
Law Office Of Michael O. Shea
451 Main Street
Wilbraham, MA 01095
Telephone:(413) 733-1955
Facsimile: (413) 596-8095
BBO # 555474

Date: July 29, 2004