UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN MOUNT,<br>    Plaintiff,<br><br>v.<br><br>ZALE DELAWARE, INC.<br>    Defendant. | C.A. No. 3:04-CV-30152 MAP |

## ANSWER

Defendant Zale Delaware, Inc. responds to the allegations set forth in the Complaint as follows:

1-3. Defendant admits the allegations set forth in paragraphs 1, 2 and 3 of the Complaint.

4. Defendant admits that the plaintiff began her employment in or about June 1999 as a full-time employee but denies that her job title was Manager-Counselor. Rather, she began her employment as a sales associate and was later promoted to manager.

5-6. Defendant denies the allegations set forth in paragraphs 5 and 6 of the Complaint.

7. Defendant admits that in 2003 plaintiff took leave due to the diagnosis of depression but deny that the leave was a "disability" leave, and affirmatively state that the leave was pursuant to the Family and Medical Leave Act.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint that plaintiff's regional manager ultimately became aware that plaintiff was diagnosed with depression and that plaintiff provided defendant with information and medical documentation in that regard.

9-12. Defendant denies the allegations set forth in paragraphs 9, 10, 11 and 12 of the Complaint.

13. Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14. Defendant admits the allegation set forth in paragraph 14 of the Complaint that she was on leave pursuant to the Family and Medical Leave Act ("FMLA"), and deny the remaining allegations.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and affirmatively states that plaintiff refused to consider scheduling alternatives proposed by defendant.

17-18. Defendant denies the allegations set forth in paragraphs 17 and 18 of the Complaint.

19. Defendant denies the allegation set forth in paragraph 19 of the Complaint that her performance did not suffer, denies knowledge or information sufficient to form a belief as to whether her performance suffered as a result of her

medical condition, and denies the allegation that her absences, other than her FMLA leave, were due to a medical condition.

20. Defendant admits the allegations set forth in paragraph 20 of the Complaint.

21. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 20 as if fully set forth herein.

22-28. Defendant denies the allegations set forth in paragraphs 22, 23, 24, 25, 26, 27, and 28 of the Complaint.

29. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30-36. Defendant denies the allegations set forth in paragraphs 30, 31, 32, 33, 34, 35, and 36 of the Complaint.

37. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38-44. Defendant denies the allegations set forth in paragraphs 38, 39, 40, 41, 42, 43, and 44 of the Complaint.

45. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46-52. Defendant denies the allegations set forth in paragraph 46, 47, 48, 49, 50, 51, and 52 of the Complaint.

53. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54-57. Defendant denies the allegations set forth in paragraph 54, 55, 56 and 57 of the Complaint.

58.  Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 57 of the Complaint.

59-62. Defendant denies the allegations set forth in paragraphs 59, 60, 61 and 62 of the Complaint.

First Defense

The Complaint fails to state a claim upon which relief can be granted and fails to establish a prima facie case with respect to claims made based upon handicap and disability discrimination.

Second Defense

Plaintiff's condition did not substantially limit one or more of her major life activities and, therefore, does not constitute a "handicap" or "disability."

Third Defense

Plaintiff was not a "qualified handicapped person" or a "qualified individual with a disability."

Fourth Defense

Plaintiff refused to consider scheduling alternatives proposed by defendant.

Fifth Defense

Defendant did not take any adverse employment decision against plaintiff.

<u>Sixth Defense</u>

Plaintiff cannot prove that the Company had any discriminatory animus or that there was a causal connection between her alleged handicap or disability and any action taken by defendant.

<u>Seventh Defense</u>

Defendant's actions were taken in good faith, in furtherance of legitimate business reasons, and were not discriminatory.

<u>Eighth Defense</u>

Plaintiff has failed, and continues to fail, to mitigate her damages.

ZALE DELAWARE, INC.

By its attorneys,

HOLLAND & KNIGHT LLP

_____
Neal J. McNamara (BBO #556329)
One Financial Plaza – Suite 1800
Providence, RI  02903
Tel. (401) 751-8500
Fax. (401) 553-6850

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a true and accurate copy of the within Answer to Michael O. Shea, Esq., Law Office of Michael O. Shea, 415 Main Street, Wilbraham, MA  01095 via regular mail, postage prepaid on this 20th day of December, 2004

_____

# 2471608_v1

5