UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN MOUNT,<br><br>               Plaintiff<br><br>v.<br><br>ZALE DELAWARE, INC.,<br><br>               Defendant | Civil Action No.: 3:04-CV-30152 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

**I. INTRODUCTION**

The Plaintiff in the instant case, Susan Mount, has moved to compel the production of outstanding discovery by the Defendant, Zale Delaware, Inc., pursuant to Fed. R. Civ. P. 37 and Local Rules 37.1 and 7.1(B)(1) in a Motion filed herewith. Counsel for the Plaintiff attempted to confer with the Defendant's Counsel in an effort to narrow the issues surrounding this outstanding discovery, however the Defendant's Counsel has failed to do so.

**II. NATURE OF THE CASE**

The Plaintiff's claims generally consist of unlawful employment practices in the form of handicap discrimination and retaliation and violations of the Americans With Disabilities Act and the Family Medical Leave Act. The Plaintiff began her employment with the Defendant in or about June of 1999 as a full-time employee under the job title of manager counselor. In the year 2003, the Plaintiff took disability leave due to her medical condition for depression. The

Plaintiff requested reasonable accommodations in that she requested some time off from work for further treatment for depression and sought to keep her same work schedule and hours that she had prior to her medical leave, and she was denied that work schedule. The Plaintiff was out of work under the Family Medical Leave Act and on disability leave when her employment was essentially terminated. The Plaintiff had approved FMLA leave at least until June 27, 2003, and her employment was terminated on June 26, 2003.

### III. PROCEDURAL FACTS RELEVANT TO THE DISCOVERY MATTERS TO BE DECIDED

The Plaintiff served *Plaintiff's First Set of Interrogatories to Defendant* and *Plaintiff's First Request for Documents to Defendant* on November 22, 2004. The Defendant served the Plaintiff with *Defendants' Responses to Plaintiff's First Set of Interrogatories* and *Defendants' Responses to Plaintiff's First Request for Production of Documents* on April 15, 2005. On July 25, 2005, Plaintiff's Counsel sent a letter pursuant to Local Rules 7.1 and 37.1, to address a number of outstanding discovery issues that had been raised by the *Defendants' Responses to Plaintiff's First Set of Interrogatories* and *Defendants' Responses to Plaintiff's First Request for Production of Documents*.[1] In this correspondence, Plaintiff's Counsel indicated that he was requesting a discovery conference to be held by telephone on July 26, 2005. Defendant's Counsel failed to respond to this communication with a discovery conference.

### IV. THE DISCOVERY MATTERS TO BE DECIDED BY THE COURT

A. Requests for Documents

According to the United States Supreme Court, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues."

---

[1] See a copy of the letter sent by Plaintiff's Counsel to Defendant's Counsel pursuant to Local Rules 7.1 and 37.1, attached hereto as Exhibit A.

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). The U.S. Supreme court has also noted that, "liberal discovery rules give plaintiffs broad access to employers' records in an effort to document their claims." Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 657 (1989)(holding that plaintiffs in disparate impact case must show that "the disparity that they complain of is the result of one or more of the employment practices that they are attacking"). Discovery in discrimination cases "should not be narrowly circumscribed." Gomez v. Martin Marietta Corp., 50 F.3d 1511 (10th Cir. 1995)(citing Rich v. Martin Marietta Corp., 522 F.2d 333, 343-344 [10th Cir. 1975]). Several of the Plaintiff's Document Requests remain in dispute, as the following discussion illustrates.

Request No. 2 seeks:

> All documents in the personnel files (and related documents) of any and all employees who were hired by the Defendant and/or retained by the Defendant to perform any of the Plaintiff's former job responsibilities.

The Defendant responded:

> Defendant objects to this Request on the ground that it is vague, ambiguous, violated the privacy interests of defendant's employees, and is not calculated to lead to the discovery of admissible evidence.

The qualifications of replacement employees are relevant in discrimination cases, given that the decision to terminate and/or replace an employee may have been influenced by the replacement employee's qualifications, among perhaps other compelling reasons. The Plaintiff's request is tailored to documents related to that person and/or those persons who were hired to perform her same or similar job duties after her termination. As a result, this Request is limited to one of the Defendant's store locations and certain job duties, and so is not vague or ambiguous. To the extent that the Defendant has indicated that it is concerned with its employee's privacy interests, Counsel for the Plaintiff has offered to execute a joint protective

3

order with Counsel for the Defendant so that private third-party information may be used for the limited purpose of this litigation.

Request No. 3 asked for:

> All documents relating and/or referring to complaints of discrimination against the Defendant, and/or any of its employees in their capacity as employees and/or agents of the Defendant, in the last ten years.

The Defendant responded:

> Defendant objects to this Interrogatory on the ground that it is overbroad and is not calculated to lead to the discovery of admissible evidence.

Courts have allowed plaintiffs' requests for documents related to prior discrimination claims in employment discrimination cases. *See* Marchese v. Secretary (D. E.D.La. 2004)[2]. According to the court in Marchese, "it is well established that other claims of discrimination against a defendant are discoverable if limited to the (a) same form of discrimination, (b) the same department or agency where the plaintiff worked, and (c) a reasonable time before and after the discrimination complained of." *Id.* at 3 (citing Mitchell v. National R.R. Passenger Corp., 208 F.R.D. 455, 460 [D.D.C. 2002]).

The Plaintiff agreed to narrow this Request to include only those documents relating to complaints of handicap discrimination and FMLA claims against the Defendant and/or its employees in the last ten years, provided that the Defendant withdraw its objections and fully supplement its response. All documents relating and/or referring to complaints of discrimination against the Defendant and or its employees in the last ten years is relevant to the subject matter of the Plaintiff's case, as such documentation may show that the Defendant engaged in a pattern

---

[2] A copy of this opinion, issued by the District Court for the Eastern District of Louisiana and as downloaded from the Lois Law website, is attached as Exhibit B. Page numbers refer to the actual pages of the Exhibit.

4

or practice of discrimination. See Owens v. Sprint/United Management Company[3], p. 3 (D. Kansas 2004)(finding that other employees' discrimination claims are relevant and reasonably calculated to lead to the discovery of admissible evidence in employment discrimination context).

Request Nos. 7 sought:

> Copies of any and all documentation, correspondence and/or records in the possession, custody or control of the Defendant which relate and/or refer in any way to the assertions made in the Plaintiff's complaint to commence this litigation.

The Defendant responded:

> Defendant objects to this Request on the ground that it is vague, ambiguous and overbroad. Subject to that Objection, responsive non-priviledged documents are attached.

The Plaintiff seeks the Defendant's supplementation of Defendant's discovery responses to reflect that the Defendant generally identifies the documents and/or information that it is not producing pursuant to its objections and/or assertions of privilege. Federal Rule of Civil Procedure 26(b)(5) provides that a party making such assertion of privilege "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Accordingly, the Plaintiff has requested that the Defendant supplement its response to Request No. 7.

Request No. 8 asked for:

> Copies of any and all documentation, correspondence and/or records which the Defendant believes support its defenses raised in this litigation.

---

[3] A copy of this District Court opinion is attached to Exh. C. Page references refer to the actual pages of the Exhibit.

5

The Defendant responded:

> Defendant objects to this Request to the extent that it seeks documents covered by the attorney client or attorney work product privileges. Subject to that Objection, responsive non-privileged documents are attached.

For the same reasons advanced with regard to Request No. 7 *supra*, the Plaintiff requests that the Defendant supplement its response to Request No. 8.

Request No. 10 sought:

> Copies of any and all documentation and correspondence relating and/or referring to the policies and procedures of the Defendant with regard to the allegations contained in the Plaintiff's complaint and the adverse action taken against the Plaintiff set forth therein.

The Defendant responded:

> Defendant objects to this Request to the extent that it seeks documents covered by the attorney client or attorney work product privileges. Subject to that Objection, responsive non-privileged documents are attached.

For the same reasons advanced with regard to Request No. 7 *supra*, the Plaintiff requests that the Defendant supplement its response to Request No. 10.

Request No. 12 sought:

> Copies of all documents that relate and/or refer to the job performances of all employees in the same or similar position as the Plaintiff, during the time that she was employed with the Defendant, including but not limited to the personnel files of all such employees, attendance records and performance standards.

The Defendant responded:

> Defendant objects to this Interrogatory on the ground that it is vague, ambiguous, overbroad, violates the privacy interests of defendant's employees, and is not calculated to lead to the discovery of admissible evidence.

The documentation requested has the potential to reveal that the Defendant treated the Plaintiff differently than other employees based on the Plaintiff's handicap and/or her requests

for leave under the FMLA, since the records may show that similarly situated employees were treated differently than the Plaintiff, and did not receive similar disciplinary action for the same alleged infractions, such as refusing to work the required manager hours.

In a Title VII case involving a claim of racial discrimination, the Court of Appeals for the Ninth Circuit has noted, "This court has held that personnel files are discoverable in federal question cases, including Title VII actions, despite claims of privilege." Garrett v. City and County of San Francisco, 818 F.2d 1515, n. 6 (9th Cir. 1987)(citing Guerra v. Board of Trustees, 567 F.2d 352 [9th Cir. 1977] and Kerr v. United States District Court, 511 F.2d 192, 197 [9th Cir. 1975], *aff'd* 426 U.S. 394 [1976]). In Garrett, a black firefighter had moved to compel the production of personnel records of 16 firefighters in an effort to show that the San Francisco Fire Department treated black and white firefighters differently with regard to disciplinary action. *Id.* at 1517. The Fire Department balked at this request, asserting the confidentiality and privilege of such records, and also protesting the production of such documents based on its assertions of third-party privacy. *Id.* The Fire Department pursued and was granted summary judgment by the trial court. *Id.* at 1519. In reversing the trial court's decision, the Court of Appeals noted that the lower court erred in granting summary judgment before deciding the merits of the plaintiff's pending motion to compel, noting that the plaintiff's motion related to "material [that] is of crucial importance…[and] where the information is likely to be in the sole possession of the opposing party." *Id.* (quoting Patty Precision v. Brown & Sharpe Manufacturing Co., 742 F.2d 1260, 1264 [10th Cir. 1984]).

Request No. 13 asked for:

> All documents relating to the Plaintiff's employment with the Defendant, including but not limited to, all documents that concern her job duties and responsibilities, the terms and conditions of her employment, the separation

7

>of her employment and the events and/or any and all investigations leading
>up to her separation, and any performance reviews or evaluations, informal
>or formal, written or oral, prepared during her employment with the Defendant.

The Defendant responded:

>Responsive non-privileged documents are attached.

For the same reasons advanced with regard to Request No. 7 *supra*, the Plaintiff requests that the Defendant supplement its response to Request No. 13.

Request No. 16 asked for:

>All documents that you relied upon or identified in answering Plaintiff's
>First Set of Interrogatories.

The Defendant responded:

>Responsive non-privileged documents are attached.

For the same reasons advanced with regard to Request No. 7 *supra*, the Plaintiff requests that the Defendant supplement its response to Request No. 16.

Request No. 17 sought:

>All statements and/or documents prepared by persons other than yourself
>that relate to the facts and claims alleged in the Plaintiff's Complaint to
>commence this litigation.

The Defendant responded:

>Defendant objects to this Request to the extent that it seeks documents
>covered by the attorney client or attorney work product privileges. Subject
>to that Objection, responsive non-privileged documents are attached.

For the same reasons advanced with regard to Request No. 7 *supra*, the Plaintiff requests that the Defendant supplement its response to Request No. 17.

Request No. 18 sought:

> All statements and/or documents prepared by persons other than yourself that relate to the facts and claims alleged in the Plaintiff's Complaint to commence this litigation.

The Defendant responded:

> Defendant objects to this Request on the ground that it is vague, ambiguous and overbroad. Subject to that Objection, responsive non-privileged documents are attached.

For the same reasons advanced with regard to Request No. 7 *supra*, the Plaintiff requests that the Defendant supplement its response to Request No. 18.

Request No. 20 asked for:

> Copies of any and all time sheets and attendance records and/or similar such documents relating to all employees who were in the same and/or similar position and/or who handled the same and/or similar job responsibilities as the Plaintiff in the last five years.

The Defendant responded:

> Defendant objects to this Interrogatory on the ground that it is overbroad, violated the privacy interests of defendant's employees, and is not calculated to lead to the discovery of admissible evidence.

For the same reasons advanced with regard to Request No. 12 *supra*, the Plaintiff asserts that such information is relevant to her claims that the Defendant discriminated and retaliated against the Plaintiff based on her handicap and requests for leave and accommodations. In McCrane v. Marconi Medical Systems, Inc., pp. 3-4 (D. E.D.Pa. 2002), the court ruled that documents related to seven employees' attendance records, and not just time sheets, were relevant to the claims and defenses of the case.[4] In McCrane, the Plaintiff claimed that she had been wrongfully terminated because she sought worker's compensation benefits. *Id.* at 2. In response, the defendant alleged that the plaintiff had not shown up for work as scheduled and

---

[4] A copy of this opinion, in the same manner as with the federal District Court opinions cited *supra*, is attached as Exhibit D.

9

had a poor attendance record. *Id*. The court ruled that the defendant must provide more than time sheets in response to the plaintiff's requests for "attendance records" and "documents referring to any attendance issues" of these seven employees, as time sheets did not show any disciplinary action that may have been taken against these similarly situated employees. *Id*. at 3.

B. Interrogatories

Interrogatory No. 2 asked:

> Please identify all persons of whom you have made inquiry in answering these Interrogatories and, if any such person supplied you with information that you used in answering these Interrogatories, specify such information and the Interrogatory to which it applies.

The Defendant responded:

> I relied on my review of documents that are being produced to plaintiff.

The Plaintiff requested that the Defendant supplement its Response to this Interrogatory, as the Defendant failed to adequately state whether any such person was consulted or supplied information that was used in answering the Plaintiff's Interrogatories. The Defendant has failed to supplement this Response.

Interrogatory No. 8 requested:

> Please state in detail all facts relating to when and where and how any policies concerning discrimination and FMLA leave were posted by the Defendant at the Plaintiff's former employment location during the time that she was employed by the Defendant, describe them in detail and attach any such policies to your answer.

The Defendant responded:

> All such policies were, from the time the store opened, posted in the back area of the store in which plaintiff worked.

The Defendant should detail where such policies were posted, as such detail relates to the Plaintiff's discrimination claims and FMLA claims. Under the statute and the federal regulations,

employers must post FMLA information in a "conspicuous" or "prominent" place. 29 U.S.C. § 2619(a); 29 C.F.R. § 825.300. Therefore, by vaguely stating that it posted all such policies in the back area of the store, the Defendant has failed to answer this Interrogatory. Rather, the Defendant must detail the locations and timing of such postings.

Interrogatory No. 9 asked:

> Please describe the job performances of all employees of the Defendant in the same or similar position as the Plaintiff, during the time that she was employed with the Defendant, and state their corresponding names and job titles and attach all documents which indicate performance ratings and work schedules and attendance records.

The Defendant objected:

> Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and not calculated to lead to the discovery of admissible evidence.

The Plaintiff hereby incorporates by reference the discussion *supra* with reference to Request Nos. 12 and 20. The Plaintiff believes that she is entitled to receive information relating to performance ratings and work schedules/attendance records of similarly-situated employees that were employed by the Defendant during the time that the Plaintiff was employed with the Defendant, as such information is highly relevant to the Plaintiff's claims. The Plaintiff has indicated to the Defendant that she is willing to limit this Interrogatory to include only those employees that were employed in the same geographical location (region) that the Plaintiff was employed. The Defendant has failed to supplement its response and/or otherwise provide the requested information.

Interrogatory No. 13 asked:

> Please identify all handicap discrimination and FMLA claims filed against Zale Delaware, Inc. in the last ten years, and state:

11

      (a)      the name, address, job title and telephone number of each complaining party;
      (b)      the forum in which each such complaint was filed;
      (c)      the date of the filing of each such complaint;
      (d)      the outcome of each such cause of action; and
      (e)      the attorney representing each such complaining party, if applicable.

The Defendant objected:

> Defendant objects to this Interrogatory on the ground that it is overbroad and is not calculated to lead to the discovery of admissible evidence.

The Plaintiff fails to see how this Interrogatory is overbroad, as the requested information related specifically to handicap and FMLA claims only that have been filed against the Defendant in the last ten years. The Plaintiff hereby incorporates by reference the discussion *supra* with reference to Request No. 3. Additionally, the information requested is highly relevant to the subject matter of the Plaintiff's case. *See* Owens, 3 (cited *supra* and attached as Exhibit C) (finding that other employees' discrimination claims are relevant and reasonably calculated to lead to the discovery of admissible evidence in employment discrimination context).

Interrogatory No. 14 asked:

> Please identify all disabled and/or physically impaired employees terminated by Zale Delaware Inc. in the last five years versus non-disabled employees of the Defendant terminated in the last five years and state their corresponding names, ages, job titles, and reason given for termination.

The Defendant responded:

> Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, violates the privacy rights of former employees, and is not calculated to lead to the discovery of admissible evidence.

The Plaintiff indicated to the Defendant that she would be willing to limit this Interrogatory to include only those employees that were employed in the same geographical

location (region) that the Plaintiff was employed. The Plaintiff submits that the information sought directly relates to her claims of discrimination based on handicap and/or disability and may lead to the discovery of admissible evidence, such as statistical evidence, pointing to a pattern or practice of discrimination. The treatment afforded other employees with respect to requests for accommodation and/or handicaps and/or disabilities directly relates to the Plaintiff's claims that she was discriminated against based on her handicap and/or disability and/or physical impairment. Any concerns about confidential information can be addressed through the execution of a joint protective order.

Interrogatory No. 15 asked:

> Please describe in detail the financial impact, to Zale Delaware Inc., of the Plaintiff taking the Family Medical Leave Act (FMLA) leave, and state:
>
> (a)   in detail which expenses affect the financial profit or loss of the location where the Plaintiff last worked;
> (b)   whether or not the expense of employees on disability and/or Family Medical Leave Act have affected the financial profit or loss of the location; and
> (c)   whether the financial profit or loss of the location affects the overall income of each manager.

The Defendant objected:

> Defendant objects to this Interrogatory on the ground that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence.

This Interrogatory is specific, clear, is calculated to lead to the discovery of relevant information and relates only to the Plaintiff and the financial impact to the Defendant of the Plaintiff taking leave under FMLA. The information sought through this Interrogatory directly relates to an affirmative defense raised by the Defendant, which included the assertion that the Defendant's actions were taken in good faith, in furtherance of legitimate business reasons, and

were not discriminatory. The Massachusetts Commission Against Discrimination (hereinafter "MCAD") Guidelines: Employment Discrimination on the Basis of Handicap – Chapter 151B, Section II, sets forth factors to be considered by a court in determining whether an employer would experience an undue burden in implementing a requested accommodation. Those factors include the overall size of the employer's business with reference to the number of employees, the number and type of facilities, and the size of its budget or available assets. MCAD Guidelines, Section II.

Interrogatory No. 16 requested:

> Please describe in as much detail as possible the policies of Zale Delaware, Inc. regarding handicap discrimination and FMLA leave for employees in the last ten years, and state when and how those policies have changed, if applicable, and attach all such versions of the policies to your answer.

The Defendant responded:

> Defendant objects to this Interrogatory on the ground that it is vague, ambiguous and overbroad, and is not calculated to lead to the discovery of admissible evidence. Subject to that Objection, defendant will produce copies of the relevant policies in effect during the time that plaintiff was an employee.

The Plaintiff asserts that such policies are relevant to her claim that the Defendant failed to follow its own policies and procedures regarding medical and FMLA leave. To the extent that the Defendant has already produced copies of such policies and procedures which were in effect while the Plaintiff was employed by the Defendant, the Plaintiff simply asks that the Defendant identify such policies and procedures, the dates for which they were in effect, and state that the Defendant has produced such policies and procedures in a supplementary pleading so that the Plaintiff can know that she has all such relevant documents in her possession.

Interrogatory No. 17 requested:

> Please identify all employees hired by the Defendant to handle any and/or all of the Plaintiff's job functions since her termination of employment, and state:
>
> (a) the name, age and address of each such employee;
> (b) the date each such employee was hired by the Defendant;
> (c) the job responsibilities assumed by each such employee; and
> (d) the rate of pay and benefits of each such employee.

The Defendant responded:

> Gaynot Till is currently the store manager at the location where plaintiff worked. She was hired on June 25, 1999. Her salary as store manager is $36,000. Deanna Laffin also served as store manager for a time after Plaintiff left Zale. She was hired on April 18, 1999. Her salary as store manager was $36,000. Defendant objects to providing additional personal information as to Ms. Till and Ms. Laffin on the grounds that the portions of the Interrogatory requesting such information are overbroad and are not calculated to lead to the discovery of admissible evidence.

While the Plaintiff acknowledges that some of the requested information was provided, the Plaintiff asserts that this inquiry is not overbroad and is calculated to lead to the discovery of admissible evidence. Information regarding employees' salaries is discoverable. In Scales v. J.C. Bradford and Co., 925 F.2d 901, 905 (6th Cir. 1991), the court allowed the plaintiff to discover payroll records for "nonpartner employees" who worked in the plaintiff's department for a five-year period, whereas the district court limited the request to payroll information about "nonpartner employees" who worked in the plaintiff's department for a three-and-a-half-year period. The court noted, "[i]t is well settled that information concerning an employer's general employment practices is relevant even to a Title VII individual disparate treatment claim." Id. at 906 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 [1973]).

Furthermore, the qualifications of replacement employees are relevant in discrimination

cases, given that the decision to terminate and/or replace an employee may have been influenced by the replacement employee's qualifications, among perhaps other compelling reasons.

Interrogatory No. 18 asked:

> Please describe in as much detail as possible the Defendants' disciplinary and leave policies that were in effect in the last ten years.

The Defendant responded:

> Defendant objects to this Interrogatory on the ground that it is vague, ambiguous and overbroad, and is not calculated to lead to the discovery of admissible evidence.

As discussed *supra* with reference to Request No. 16, the Plaintiff asserts that such information is relevant to her claim that the Defendant failed to follow its own policies and procedures. Again, the Plaintiff simply asks that the Defendant identify such policies and procedures, the dates for which they were in effect, and state that the Defendant has produced such policies and procedures in a supplementary pleading so that the Plaintiff can know that she has all such relevant documents in his possession.

## V. CONCLUSION

For all of the foregoing reasons, the Plaintiff respectfully requests that the Court issue an Order compelling the production of the outstanding discovery requested.

The Plaintiff
SUSAN MOUNT
By Her Attorney

_____
MICHAEL O. SHEA, ESQ.
BBO# 555474
Law Office Of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095

Date: August 3, 2005

### Certificate of Service

I hereby certify that a true copy of the foregoing Motion was served to Counsel for the Defendant, Neal J. McNamara, Esq., Holland & Knight, LLP, One Financial Plaza, Suite 1800, Providence, RI 02903, by first-class mail, postage prepaid on this 3rd day of August, 2005 and by way of electronic filing.

_____
Michael O. Shea