UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SUSAN MOUNT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:04-CV-30152 MAP |
| | ) | |
| ZALE DELAWARE, INC., | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES

Pursuant to Local Rule 7.1(B)(2), Defendant Zale Delaware, Inc., submits this opposition to the plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories. In her motion, plaintiff has challenged the sufficiency of objections and responses of the Defendant to numerous of her interrogatories and requests for production of documents. For the reasons discussed herein, her motion should be denied, the Defendant's objections should be sustained, and its substantive responses should be deemed sufficient.[1]

The specific discovery requests at issue will be set out in full along with the Defendant's objections and/or response, followed by a discussion of why the Defendant's objections and responses are appropriate and sufficient.

---

[1] Plaintiff notes in her memorandum that defense counsel failed to confer regarding the issues in this motion. Defense counsel acknowledge that they received the July 25, 2005 facsimile from plaintiff's counsel requesting a conference on July 26, 2005 at 10:00 a.m. Defense counsel was not available to confer at the designated time. A conference was not subsequently arranged and plaintiff filed her motion to compel on August 3, 2005. Thereafter, defense counsel attempted to confer with plaintiff's counsel by telephone to resolve or narrow the discovery disputes addressed herein without the necessity of court intervention, but plaintiff's counsel expressly declined to speak with defense counsel about these issues.

A.    **REQUEST FOR PRODUCTION**

Request No. 2

All documents in the personnel files (and related documents) of any and all employees who were hired by the Defendant and/or retained by the Defendant to perform any of the Plaintiff's former job responsibilities.

Objection

Defendant objects to this Request on the ground that it is vague, ambiguous, violates the privacy interests of defendant's employees, and is not calculated to lead to the discovery of admissible evidence.

Discussion: Defendant's objections are well-founded. Plaintiff's request for the entire personnel files of employees implicates the privacy interests of third parties to this litigation. "Courts have been reluctant to permit discovery, when the requested disclosures would intrude upon the privacy interests of other, non-party employees." *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997). In the absence of establishing the relevance and need for the requested discovery, plaintiff should not be permitted to obtain this private information. *See Whittingham v. Amherst College*, 164 F.R.D. 124, 126 (D. Mass. 1995) (recognizing that "personnel files contain perhaps the most private information about an employee" and denying plaintiff's attempt to discover files of other employees where he failed to make a particularized showing demonstrating that his need for the information outweighed the privacy interests of the individuals whose private information was sought); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("[I]t is clear that disclosure of [ ] personnel files would constitute an invasion of privacy.").

Plaintiff asserts that the "qualifications of replacements are relevant in discrimination cases, given that the decision to terminate and/or replace an employee may have been influenced

by the replacement employee's qualifications, among perhaps other compelling reasons." This argument fails to support plaintiff's request for these documents. First, plaintiff was not terminated because of her lack of qualifications or poor job performance. She was let go because she refused to work her assigned manager's schedule. That is the legitimate non-discriminatory reason articulated by the Defendant throughout the administrative and judicial proceedings in this case. The company has not asserted qualifications or performance as reasons for the adverse action taken against the plaintiff and thus, these matters are not relevant to the issues in the case.

Even if qualifications were relevant, production would appropriately be limited to job applications, resumes or other similar documents showing the qualifications of the pertinent employees, and not wholesale production of their personnel files. *See generally Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989) (instructing that parties have an obligation to tailor discovery requests "to suit the particular exigencies of the litigation. They ought not to be permitted to use broadswords where scalpels will suffice."). Accordingly, Defendant's objections should be sustained. To the extent production is ordered, it should be limited to documents reflecting the qualifications of the employees.

### Request No. 3

All documents relating and/or referring to complaints of discrimination against the Defendant, and/or any of its employees in their capacity as employees and/or agents of the Defendant, in the last 10 years.

### Objection

Defendant objects to this Interrogatory on the ground that it is overbroad and is not calculated to lead to the discovery of admissible evidence.

Discussion: Plaintiff's request is overbroad in scope, geography, and duration. When plaintiffs have sought discovery concerning other complaints of discrimination/harassment made

against an employer, federal courts have consistently limited the scope of discovery to "the same form of discrimination." *Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002). *See also Flanagan v. Travelers Inc. Co.*, 111 F.R.D. 42, 48 (W.D.N.Y. 1986) (limiting discovery to the same type alleged in complaint); *Robbins v. Camden Bd. of Educ.*, 105 F.R.D. 49, 61-63 (D.N.J. 1985) (recognizing that proper scope of discovery seeking other complaints of discrimination against defendants are limited to type of action complained of and type of discrimination alleged). In this case, the plaintiff has alleged disability discrimination and FMLA violations. Therefore, complaints based on any form of discrimination or harassment are not relevant and not discoverable.

Plaintiff's request is also overbroad in geography. Discovery of other complaints of similar discrimination is properly limited to the location at which a plaintiff works. *See, e.g., Sallis v. University of Minnesota*, 408 F.3d 470, 478 (8th Cir. 2005) ("Courts have [ ] limited the discovery of company records to the local facility where plaintiff was employed, where there is no showing of the need for regional or nationwide discovery."); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir. 1990); *Glenn v. Williams*, 209 F.R.D. 279, 281-82 (D.D.C. 2002); *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997); *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995). Plaintiff's request contains no geographic limitation, and she has made no showing that regional or nationwide discovery is necessary in this case.

Finally, the request is temporally overbroad. In seeking documents for the past 10 years, plaintiff has overreached by far the discoverable time period typically allowed. Indeed, one district court recently recognized that ten years was "an inordinate length of time" to permit discovery in a discrimination case. *Glenn v. Williams*, 209 279, 282 (D.D.C. 2002) (limiting

discovery to three year period). Federal courts have generally limited discovery to a period of two to four years. *See. e.g., James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir. 1979) (finding four years prior to liability period reasonable); *Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 653 (D. Kan. 2004) (allowing discovery for two and a half year period); *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D. Minn. 1997) (allowing discovery into the period two years after termination); *Lyoch v. Anheuser-Busch Cos., Inc.*, 164 F.R.D. 62, 67 (E.D. Mo. 1995) (four years prior to liability period reasonable); *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D. Pa. 1995) (allowing discovery to extend to the period two years after the tenure of the plaintiffs).

Subject to and without waiver of the foregoing objections, Defendant is aware of no complaints alleging disability discrimination or FMLA violations having been made by any employee working at the locations where plaintiff was employed during the past ten years.

### Request No. 7

Copies of any and all documentation, correspondence and/or records in the possession, custody or control of the Defendant which relate and/or refer in any way to the assertions made in the Plaintiff's complaint to commence this litigation.

### Objection and Response

Defendant objects to this Request on the ground that it is vague, ambiguous and overbroad. Subject to that Objection, responsive non-privileged documents are attached.

Discussion: All documents responsive to this request have been produced, other than the personal notes of defense counsel. These notes were prepared in connection with litigation and reflect confidential communications from the Defendant and, therefore, are protected from disclosure by the work product doctrine and attorney client privilege.

Request No. 8

Copies of any and all documentation, correspondence and/or records which the Defendant believes support its defenses raised in this litigation.

Objection and Response

Defendant objects to this Request to the extent that it seeks documents covered by the attorney client or attorney work product privileges. Subject to that Objection, responsive non-privileged documents are attached.

Discussion: Defendant asserted the privileges to preserve same. It has substantively responded by producing all documents responsive to the request.

Request No. 10

Copies of any and all documentation and correspondence relating and/or referring to the policies and procedures of the Defendant with regard to the allegation contained in the Plaintiff's complaint and the adverse action taken against the Plaintiff set forth therein.

Objection and Response

Defendant objects to this Request on the ground that it is vague, ambiguous and overbroad. Subject to that Objection, responsive non-privileged documents are attached.

Discussion: All documents responsive to this request have been produced, other than the personal notes of defense counsel. These notes were prepared in connection with litigation and reflect confidential communications from the Defendant and, therefore, are protected from disclosure by the work product doctrine and attorney client privilege.

Request No. 12

Copies of all documents that relate and/or refer to the job performances of all employees in the same or similar position as the Plaintiff, during the time that she was employed with the Defendant, including but not limited to the personnel files of all such employees, attendance records and performance standards.

Objection

Defendant objects to this Interrogatory on the ground that it is vague, ambiguous, overbroad, violates the privacy interests of defendant's employees, and is not calculated to lead to the discovery of admissible evidence.

Discussion:  Defendant's objections are well-founded.  As a threshold matter, the job performance of third parties is not relevant to the issues in this case.  Plaintiff was not terminated because of her job performance.  Rather, she lost her job because she refused to work the hours required of store managers.  Thus, information concerning the "job performances" of other employees (presumably sought for comparison purposes) can cast no light on the issues in this case.

Even presuming the information was relevant, the request is overbroad in geographic scope.  Discovery is properly limited to the location at which a plaintiff worked. *See, e.g., Sallis v. University of Minnesota*, 408 F.3d 470, 478 (8th Cir. 2005); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir. 1990); *Glenn v. Williams*, 209 F.R.D. 279, 281-82 (D.D.C. 2002); *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997); *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995).  Plaintiff's request contains no geographic limitation, and she has made no showing that regional or nationwide discovery is necessary in this case.

Finally, the request impinges on the privacy rights of third parties.  "Courts have been reluctant to permit discovery, when the requested disclosures would intrude upon the privacy interests of other, non-party employees." *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997).  In the absence of establishing the relevance and need for the requested discovery, plaintiff should not be permitted to obtain this private information. *See Whittingham v. Amherst College*, 164 F.R.D. 124, 126 (D. Mass. 1995) (recognizing that "personnel files

contain perhaps the most private information about an employee" and denying plaintiff's attempt

to discover files of other employees where he failed to make a particularized showing

demonstrating that his need for the information outweighed the privacy interests of the

individuals whose private information was sought); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115

(E.D. Pa. 1994) ("[I]t is clear that  disclosure of [ ] personnel files would constitute an invasion

of privacy."). Defendant's objections should be sustained.


### Request No. 13

All documents relating to the Plaintiff's employment with the Defendant, including but not limited to, all documents that concern her job duties and responsibilities, the terms and conditions of her employment, the separation of her employment and the events and/or any and all investigations leading up to her separation, and any performance reviews or evaluations, informal or formal, written or oral, prepared during her employment with the Defendant.

#### Response

Responsive non-privileged documents are attached.


Discussion:  All documents responsive to this request have been produced, other than the

personal notes of defense counsel.  These notes were prepared in connection with litigation and

reflect confidential communications from the Defendant and, therefore, are protected from

disclosure by the work product doctrine and attorney client privilege.


### Request No. 16

All documents that you relied upon or identified in answering Plaintiff's First Set of Interrogatories.

#### Response

Responsive non-privileged documents are attached.

Discussion:  All documents responsive to this request have been produced, other than the personal notes of defense counsel.  These notes were prepared in connection with litigation and reflect confidential communications from the Defendant and, therefore, are protected from disclosure by the work product doctrine and attorney client privilege.

Request No. 17

All statements and/or documents prepared by persons other than yourself that relate to the facts and claims alleged in the Plaintiff's Complaint to commence this litigation.

Objection and Response

Defendant objects to this Request to the extent that it seeks documents covered by the attorney client or attorney work product privileges.  Subject to that Objection, responsive non-privileged documents are attached.

Discussion:  All documents responsive to this request have been produced, other than the personal notes of defense counsel.  These notes were prepared in connection with litigation and reflect confidential communications from the Defendant and, therefore, are protected from disclosure by the work product doctrine and attorney client privilege.

Request No. 18

Copies of any and all documents which mention refer and/or relate to any and all communications between the Plaintiff and the Defendant.

Objection and Response

Defendant objects to this Request on the ground that it is vague, ambiguous and overbroad.  Subject to that Objection, responsive non-privileged documents are attached.

Discussion:  All documents responsive to this request have been produced, other than the personal notes of defense counsel.  These notes were prepared in connection with litigation and

reflect confidential communications from the Defendant and, therefore, are protected from disclosure by the work product doctrine and attorney client privilege.

### Request No. 20

Copies of any and all time sheets and attendance records and/or similar such documents relating to all employees who were in the same and/or similar position and/or who handled the same and/or similar job responsibilities as the plaintiff in the last five years.

### Objection

Defendant objects to this Interrogatory on the ground that it is overbroad, violates the privacy interests of defendant's employees, and is not calculated to lead to the discovery of admissible evidence.

Discussion:   Plaintiff's request is overbroad because it contains no geographic limitation. Discovery in discrimination actions is properly limited to the same work location at which the plaintiff was employed. *See, e.g., Sallis v. University of Minnesota*, 408 F.3d 470, 478 (8th Cir. 2005); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir. 1990); *Glenn v. Williams*, 209 F.R.D. 279, 281-82 (D.D.C. 2002); *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997); *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995).  Plaintiff's request contains no geographic limitation, and she has made no showing that regional or nationwide discovery is necessary in this case.

Defendant agrees to produce the time sheets and attendance records of other managers at the location where plaintiff was employed for the past five years.

**B.    <u>INTERROGATORIES</u>**

<u>Interrogatory No. 2</u>

Please identify all persons of whom you have made inquiry in answering these Interrogatories and, if any such person supplied you with information that you used in answering these Interrogatories, specify such information and the Interrogatory to which it applies.

<u>Response</u>

I relied on my review of documents that are being produced to plaintiff.

<u>Discussion</u>:  Stephanie Wheeler, the company representative who answered the interrogatories, relied upon her own knowledge and company records in answering the interrogatories.  She did not make inquiry of any person in obtaining the factual information contained in the Defendants' answers.

<u>Interrogatory No. 8</u>

Please state in detail all facts relating to when and where and how any policies concerning discrimination and FMLA leave were posted by the Defendant at the Plaintiff's former employment location during the time that she was employed by the Defendant, describe them in detail and attach any such policies to your answer.

<u>Response</u>

All such policies were, from the time the store opened, posted in the back area of the store in which plaintiff worked.

<u>Discussion</u>: Defendant submits its answer is sufficient.  It will, however, provide more detailed information in a supplemental answer.

Interrogatory No. 9

Please describe the job performances of all employees of the Defendant in the same or similar position as the Plaintiff, during the time that she was employed with the Defendant, and state their corresponding names and job titles and attach all documents which indicate performance ratings and work schedules and attendance records.

Objection

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and not calculated to lead to the discovery of admissible evidence.

Discussion: Defendant's objections are well-founded and should be sustained. The job performance of other employees is not relevant to the issues in this case. Plaintiff did not lose her job because of performance issues. Rather, she refused to work her assigned manager's schedule. Whether she performed her job better or worse than other managers is simply not relevant to the disposition of her disability and FMLA claims.

In addition, this interrogatory is overbroad because it contains no geographic limitation. Discovery in discrimination actions is properly limited to the same work location at which the plaintiff was employed. *See, e.g., Sallis v. University of Minnesota*, 408 F.3d 470, 478 (8th Cir. 2005); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir. 1990); *Glenn v. Williams*, 209 F.R.D. 279, 281-82 (D.D.C. 2002); *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997); *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995).

This interrogatory is also objectionable to the extent it purports to require Defendant to produce documents. A Rule 34 request for production of documents is the appropriate avenue for obtaining documents from the Defendant. Defendant's objections should be sustained. In the event the information is found to be discoverable, it should be limited to similarly situated employees at the same location at which plaintiff was employed.

Interrogatory No. 13

Please identify all handicap discrimination and FMLA claims filed against Zale Delaware, Inc. in the last ten years, and state:

(a) the name, address, job title and telephone number of each complaining party;
(b) the forum in which each such complaint was filed;
(c) the date of the filing of each such complaint;
(d) the outcome of each such cause of action; and
(e) the attorney representing each such complaining party, if applicable.

Objection

Defendant objects to this Interrogatory on the ground that it is overbroad and is not calculated to lead to the discovery of admissible evidence.

Discussion:  Plaintiff's interrogatory is overbroad in geographic scope and duration.  When plaintiffs have sought discovery concerning other complaints of discrimination/harassment made against an employer, federal courts have consistently limited discovery to the location at which a plaintiff works. *See, e.g., Sallis v. University of Minnesota*, 408 F.3d 470, 478 (8th Cir. 2005) ("Courts have [ ] limited the discovery of company records to the local facility where plaintiff was employed, where there is no showing of the need for regional or nationwide discovery."); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir. 1990); *Glenn v. Williams*, 209 F.R.D. 279, 281-82 (D.D.C. 2002); *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997); *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995).  Plaintiff's request contains no geographic limitation, and she has made no showing that regional or nationwide discovery is necessary in this case.

In addition, the interrogatory is temporally overbroad.  In seeking documents for the past 10 years, plaintiff has overreached the by far the discoverable time period typically allowed.  Indeed, one district court recently recognized that ten years was "an inordinate length of time" to permit discovery in a discrimination case. *Glenn v. Williams*, 209 279, 282 (D.D.C. 2002)

(limiting discovery to three year period). Federal courts have generally limited discovery to a period of two to four years. *See. e.g., James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir. 1979) (finding four years prior to liability period reasonable); *Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 653 (D. Kan. 2004) (allowing discovery for two and a half year period); *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D. Minn. 1997) (allowing discovery into the period two years after termination); *Lyoch v. Anheuser-Busch Cos., Inc.*, 164 F.R.D. 62, 67 (E.D. Mo. 1995) (four years prior to liability period reasonable); *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D. Pa. 1995) (allowing discovery to extend to the period two years after the tenure of the plaintiffs).

Defendant is aware of no complaints alleging disability discrimination or FMLA violations having been made by any employee working at the locations where plaintiff was employed during the past ten years.

Interrogatory No. 14

Please identify all disabled and/or physically impaired employees terminated by Zale Delaware Inc. in the last five years versus non-disabled employees of the Defendant terminated in the last five years and state their corresponding names, ages, job titles, and reason given for termination.

Objection

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, violates the privacy rights of former employees, and is not calculated to lead to the discovery of admissible evidence

Discussion:  Defendant properly objected to this interrogatory on several grounds. First, the interrogatory is vague. The term "physically impaired" is not defined by plaintiff, and is susceptible to innumerable interpretations. Moreover, neither the ADA nor chapter 151B protects

employees who are merely physically impaired. Rather, the statutes cover only those employees whose physical or mental impairments "substantially limit" performance of major life activities. *See Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002); *Carroll v. Xerox Corp.*, 294 F.3d 231, 238 (1st Cir. 2002); *City of New Bedford v. Massachusetts Comm'n Against Discrimination*, 440 Mass 450, 463 (2003). Thus, to the extent this interrogatory encompasses persons not protected by the relevant statutes, it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

The interrogatory is also overbroad in that it contains no geographic limitation. Federal courts have consistently limited discovery in individual disparate treatment cases to the location at which a plaintiff works. *See, e.g., Sallis v. University of Minnesota*, 408 F.3d 470, 478 (8th Cir. 2005) ("Courts have [ ] limited the discovery of company records to the local facility where plaintiff was employed, where there is no showing of the need for regional or nationwide discovery."); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir. 1990); *Glenn v. Williams*, 209 F.R.D. 279, 281-82 (D.D.C. 2002); *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997); *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995). Plaintiff has made no showing that regional or nationwide discovery is necessary in this case.

This interrogatory also impinges on the privacy rights of third parties. "Courts have been reluctant to permit discovery, when the requested disclosures would intrude upon the privacy interests of other, non-party employees." *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997). Privacy concerns are particularly significant where, as here, the requested discovery will reveal the medical and/or mental health impairments of persons who are third parties to this litigation.

Defendant states that it has not terminated any employee which it knew to be disabled during the past five years from the store at which the plaintiff was employed.

Interrogatory No. 15

Please describe in detail the financial impact, to Zale Delaware Inc., of the Plaintiff taking the Family Medical Leave Act (FMLA) leave, and state:

(a) in detail which expenses affect the financial profit or loss of the location where the Plaintiff last worked;
(b) whether or not the expense of employees on disability and/or Family Medical Leave Act have affected the financial profit or loss of the location, and
(c) whether the financial profit or loss of the location affects the overall income of each manager.

Objection

Defendant objects to this Interrogatory on the ground that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence.

Discussion:  This interrogatory is vague, especially subparts (a) and (b).  Moreover, it does not appear reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff argues in her motion that the requested information is directly related to an affirmative defense raised by the Defendant asserting that its actions "were taken in good faith, in furtherance of legitimate business reasons, and were not discriminatory."  The relatedness is not self-evident, and the plaintiff has failed to sufficiently articulate the basis for its assertion.  Subject to and without waiver of the foregoing objections, Defendant will provide a supplemental answer to subpart (c).

Interrogatory No. 16

Please describe in as much detail as possible the policies of Zale Delaware, Inc. regarding handicap discrimination and FMLA leave for employees in the last ten years, and state when and how those policies have changed, if applicable, and attach all such versions of the policies to your answer.

<u>Objection and Response</u>

Defendant objects to this Interrogatory on the ground that it is vague, ambiguous and overbroad, and is not calculated to lead to the discovery of admissible evidence. Subject to that Objection, defendant will produce copies of the relevant policies in effect during the time that plaintiff was an employee.

<u>Discussion</u>:  This interrogatory is overbroad in that it seeks information for a ten year period. Plaintiff was employed from June 1999 to June 2003.  What Defendant's policies were prior to her employment with the company and since her departure from the company are not relevant to her claims.  This interrogatory is also objectionable to the extent it purports to require Defendant to produce documents.  A Rule 34 request for production of documents is the appropriate avenue for obtaining documents from the Defendant.  The Defendant has agreed to produce the pertinent policies for the period of time during which the plaintiff was employed.  This answer is sufficient and plaintiff's motion should be denied with respect to interrogatory number 16.

<u>Interrogatory No. 17</u>

Please identify all employees hired by the Defendant to handle any and/or all of the Plaintiff's job functions since her termination of employment, and state:

    (a) the name, age and address of each such employee;
    (b) the date each such employee was hired by the Defendant;
    (c) the job responsibilities assumed by each such employee; and
    (d) the rate of pay and benefits of each such employee.

<u>Objection and Response</u>

Gaynor Till is currently the store manager at the location where plaintiff worked. She was hired on June 25, 1999.  Her salary as store manager is $36,000.  Deanna Laffin also served as store manager for a time after plaintiff left Zale.  She was hired on April 18, 1999.  Her salary as store manager was $36,000.  Defendant objects to providing additional personal information as to Ms. Till and Ms. Laffin on the grounds that the portions of the Interrogatory requesting such information are overbroad and are not calculated to lead to the discovery of admissible evidence.

Discussion: Defendant's limited objections should be sustained. The identity, date of hire, salary, and position of the employees hired to handle the job functions of the plaintiff have been provided. The only requested information which has not been provided are the ages and residential addresses of these individuals. Plaintiff has not made a claim of age discrimination and, therefore, the ages of her replacements is not relevant. The addresses have not been provided, and should not be ordered disclosed, in order to protect the privacy interest of these third parties.

Interrogatory No. 18

Please describe in as much detail as possible the Defendants' disciplinary and leave policies that were in effect in the last ten years.

Objection and Response

Defendant objects to this Interrogatory on the ground that it is vague, ambiguous and overbroad, and is not calculated to lead to the discovery of admissible evidence. Subject to that Objection, defendant will produce copies of the relevant policies in effect during the time that plaintiff was an employee.

Discussion: Defendant has produced its policies in effect during the period of plaintiff's employment, June 1999 - June 2003. To the extent plaintiff seeks policies covering a period of ten years, this interrogatory is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. What Defendant's policies were ten years ago, or what they are today, can shed no light on whether the company failed to follow its policies with respect to the plaintiff during her tenure with the company. Defendant's objection should be sustained.

18

ZALE DELAWARE, INC.

By its attorneys,

HOLLAND & KNIGHT LLP


_____/s/ Neal J. McNamara_____
Neal J. McNamara (BBO #556329)
Robert J. Crohan Jr. (BBO #652965)
One Financial Plaza – Suite 1800
Providence, RI  02903
Tel. (401) 751-8500
Fax  (401) 553-6850


## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and accurate copy of the within document to Michael O. Shea, Esq., Law Office of Michael O. Shea, 415 Main Street, Wilbraham, MA  01095 via regular mail, postage prepaid on this 17th day of August, 2005.


_/s/ Neal J. McNamara_

# 3137712_v1