UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30152-MAP

SUSAN MOUNT,
          Plaintiff

v.

ZALE DELAWARE, INC.,
          Defendant

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1. As used herein, the term "Protected Matter" refers to:

    a. All documents produced pursuant to Authorizations for the disclosure of protected health information and/or therapy records signed by the Plaintiff, Susan Mount ("the Plaintiff") in response to the Defendant's, Zale Delaware, Inc.'s, discovery requests in this action, which shall be stamped "Confidential" and all copies, excerpts, summaries or compilations of such documents that, in whole or in part, reveal the substance or content of Protected Matter; and

    b. All documents produced pursuant to the Plaintiff's discovery requests in this action for documents:

    (1) Contained in the personnel files of current and/or former employees of the Defendant, Zale Delaware, Inc. ("the Defendant");

    (2) Relating and/or referring to complaints of discrimination against the Defendant and/or any of its employees in their capacity as employees and/or agents of the Defendant; and

(3) Relating and/or referring to the job performances of all employees in the same or similar position as the Plaintiff, during the time that she was employed with the Defendant,

which shall be stamped "Confidential" and all copies, excerpts, summaries or compilations of such documents that, in whole or in part, reveal the substance or content of Protected Matter.

2.   Protected Matter shall be maintained in confidence in accordance with this order and used solely for the purpose of this litigation and not for any business or any other purpose whatsoever.

3.   Protected Matter, or the substance or content of Protected Matter, shall not be disclosed to any person other than:

    a. Counsel of record for the Defendant and Counsel of record for the Plaintiff; and

    b. The foregoing Counsels' respective clerical and support staff who assist in connection with this action;

    c. Court personnel and stenographic reporters and their clerical and support staff who perform tasks concerning this action;

    d. Subject to the terms of Paragraph 6 hereof, the Defendant and through its representatives and/or agents; and the Plaintiff and through her representatives or agents;

    e. Subject to the terms of Paragraph 7 hereof, any person expected in good faith by Defendant's Counsel of record or Plaintiff's Counsel of record to be a potential trial witness; and

    f. Subject to the terms of Paragraph 6 hereof, experts retained by Defendant and experts retained by the Plaintiff in connection with this action, and employees of such experts who assist with tasks concerning this action.

4. With respect to any matter the Plaintiff intends to be governed by this Order, the Defendant shall stamp the Protected Matter "Confidential" upon receipt of such matter pursuant to the Authorizations referred to in Paragraph 1 *supra*.

5. With respect to any matter the Defendant intends to be governed by this Order, the Defendant shall stamp the Protected Matter "Confidential" prior to providing such documents to the Plaintiff, either directly or for inspection and copying.

6. Protected Matter shall be disclosed to any persons identified pursuant to Paragraph 3, subsections "d." and "f.," only after such persons have signed a copy of the attached form of "Commitment to Comply With and Be Bound by Protective Order."

7. With respect to disclosing Protected Matter to the persons identified in Paragraph 3.e., Counsel for the Defendant and Counsel for the Plaintiff will take appropriate measures to protect the disclosure of Protected Matter according to the terms of this Protective Order. Protected Matter shall be disclosed to any persons identified pursuant to paragraph 3.e. only after such persons have signed a copy of the attached form of "Commitment to Comply With and be Bound by Protective Order."

8. Protected Matter shall be stored by Counsel for the Defendant, Counsel for the Plaintiff and any other person having Protected Matter stamped "Confidential" in its, his or her possession and control in a manner which allows the Protected Matter to be accessed solely pursuant to the terms of this Protective Order.

9. In the event that the legend "Confidential" is stamped on Protected Matter, it shall be preserved or stamped on any copies, excerpts, summaries or compilations of such documents that, in whole or in part, reveal the substance or content of Protected Matter. If the Defendant objects to stamping certain documents "Confidential," the Defendant may submit a written notice of objection to Counsel for the Plaintiff, which notice shall include a statement of the

grounds for the objection. If within ten (10) working days of the Plaintiff receiving written notice of the grounds for Defendant's objection to the designation the Parties do not reach an agreement, the Plaintiff may file with the Court a motion to designate the subject documents "Confidential," and the Parties agree that the Court may order the designation if it finds that the confidential designation was justified. Likewise, if the Plaintiff objects to stamping certain documents "Confidential," the Plaintiff may submit a written notice of objection to Counsel for the Defendant, which notice shall include a statement of the grounds for the objection. If within ten (10) working days of the Defendant receiving written notice of the grounds for the Plaintiff's objection to the designation the Parties do not reach an agreement, the Defendant may file with the Court a motion to designate the subject documents "Confidential," and the Parties agree that the Court may order the designation if it finds that the confidential designation was justified. Counsel of record for the Parties shall attempt in good faith to resolve such disputes.

10. At least ten (10) business days prior to the disclosure of Protected Matter or the substance or content thereof in pleadings, motions, exhibits and/or other documents filed with the Court in this action, and/or at the trial or at any hearing in this action, notice shall be given to the opposing Party. The Parties agree to confer about the proposed disclosure of Protected Matter, including but not limited to agreeing to the redaction of particularly sensitive information. Should the Parties be unable to agree to the proposed disclosure, the Party opposing the disclosure of such Protected Matter may move to strike the material disclosed or otherwise seek the Court's intervention.

11. At the conclusion of this action, all Protected Matter shall be returned to the respective Parties or destroyed. Counsel for the respective Parties may keep Protected Matter or the substance or content thereof as it is integrated into work product, provided that the work product remains subject to the within Protective Order and is not disclosed in a manner inconsistent with

the Protective Order.

12. This Order is without prejudice to the right of either Party to object to production of particular documents or to seek other or further relief from the Court on any issue.

                                                                                           _____
                                                                                           Michael A. Ponsor
                                                                                           United States District Judge

Dated:           , 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30152-MAP

SUSAN MOUNT,
             Plaintiff

v.

ZALE DELAWARE, INC.,
             Defendant

## COMMITMENT TO COMPLY WITH AND BE BOUND BY PROTECTIVE ORDER

The undersigned hereby certifies under oath:

1. I have read the Protective Order dated September __, 2005 that has been entered in the captioned action.

2. I agree to be bound by all of the terms and conditions of that Protective Order.

3. For the sole purpose of securing compliance with the terms and conditions of that Protective Order, I irrevocably submit my person to the jurisdiction of the United States District Court for the District of Massachusetts.

_____

COMMONWEALTH OF MASSACHUSETTS

On this _____ day of _____,20__, before me, the undersigned notary public, personally appeared _____[name of document signer], proved to me through satisfactory evidence of identification, which were _____, to be the person whose name is signed on the preceding or attached document in my presence.

_____
[seal]

My commission expires: _____