UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUSAN MOUNT,                    :
                                :
        Plaintiff,              :
                                :
v.                              :    C.A. No. 3:04-CV-30152-MAP
                                :
ZALE DELAWARE, INC.,            :
                                :
        Defendant.              :

**DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

Defendant Zale Delaware, Inc. ("Defendant" or "Zale") submits this Reply Memorandum in further support of its motion for summary judgment.

First, with respect to her claims under the Americans with Disabilities Act ("ADA") and Ch. 151B of the Massachusetts General Laws, Plaintiff Susan Mount ("Plaintiff" or "Mount") does not even attempt to rebut the Defendant's assertion that her depression was not a disability under 42 U.S.C. § 12102(2)(A) or a handicap under Ch. 151B because it did not "substantially limit" the "major life activity" of working. *See* Defendant's Memorandum in Support of Motion for Summary Judgment ("Def.'s Mem."), Jan 31, 2006, at 4-11. Thus, Mount has waived any argument that Zale discriminated against her on account of an actual disability.

Second, Mount instead attempts an obvious sleight of hand by asserting, for the very first time in this litigation, that she was "disabled" or "handicapped," as those terms are defined by 42 U.S.C. § 12102(2)(C) and Chapter 151B §1(17), *not* because of an *actual* disability, but because she was "regarded as" – or, in her terms, "perceived as" – disabled. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Mem."), Mar. 3, 2006, at 5-

P132677.1

9. Because Plaintiff and her attorney did not advance such a theory in her Charge before the Massachusetts Commission Against Discrimination ("MCAD/EEOC Charge"), or her Complaint, she cannot now raise this alternate theory, and summary judgment is appropriate.

Third, even if Plaintiff's "regarded as" claim were properly raised, she has presented no credible evidence that Zale held a "mistaken impression" that Plaintiff's depression "substantially limited a major life activity." Rather, the uncontroverted evidence shows that while Zale was aware of Plaintiff's condition, it did not mistakenly believe that such condition amounted to a "disability" that "substantially limited a major life activity." At best, the evidence shows that Zale simply believed she had a temporary condition requiring a short period of medical leave. Plaintiff's own admissions and medical records show not only that she was capable of working a 40 hour per week schedule, but that Zale understood her to be able to work at least a 40 hour per week schedule. Given Zale's belief as to Plaintiff's ability to work a full-time schedule, it strains credulity for Plaintiff to assert that Zale "perceived" her to be "substantially limited" in the "major life activity" of working. Thus, even if it were properly raised, summary judgment is appropriate on Plaintiff's new "regarded as" theory.

Zale is entitled to summary judgment with regard to Plaintiff's remaining claims, as well. Plaintiff's retaliation claims under both the disability statutes and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, are groundless because the record is devoid of any credible evidence that Mount suffered an adverse employment action, a necessary component of a prima facie case of retaliation. Additionally, Plaintiff's remaining FMLA claims fail because she cannot show that Zale denied her any benefit to which she was entitled under the statute.

## II. Argument

A. <u>PLAINTIFF HAS ABANDONED HER CLAIM THAT ZALE DISCRIMINATED AGAINST HER BECAUSE OF AN ACTUAL DISABILITY.</u>

Importantly, Plaintiff does not even attempt to counter Defendant's well-reasoned argument, *see* Def.'s Mem. at 4-11, that Mount's depression did not amount to a "disability" or "handicap" as those terms are defined under the ADA and Chapter 151B. *See* Pl.'s Mem. at 5 ("The Plaintiff asserts that the Defendant *perceived* her as substantially limited in the major life activity of working.") (emphasis added), 7 ("The Defendant *perceived* the Plaintiff as substantially limited in the major life activity of working . . ..") (emphasis added), 8 ("Even if the Plaintiff's impairment was temporary or of short duration, the Plaintiff raised issues of material fact in dispute as to whether the Defendant *perceived* her impairment as such.") (emphasis added).

Nowhere does Plaintiff dispute the basic proposition that her condition did not amount to an *actual* disability under the ADA and Chapter 151B. Nor could she, for it is beyond dispute that Plaintiff's limitations were of an insufficient duration, *see* Def.'s Mem. at 6-7; that Plaintiff's inability to work more than 40 hours per week did not constitute a "substantial limitation," *see* Def.'s Mem. at 7-9; and that Plaintiff has adduced no evidence that she was unable to perform a class of jobs or broad range of jobs, *see* Def.'s Mem. at 9-11. Thus, Plaintiff has effectively abandoned any claim that she was actually disabled for the purposes of this summary judgment motion. *See, e.g., Goldstein v. Harvard Univ.*, 77 Fed. Appx. 534, 536 (1st Cir. 2003) (citing *Landrau-Romero v. Banco Popular de Puerto Rico*, 212 F.3d 607, 612 (1st Cir. 2000)) (holding that Plaintiff has forfeited argument that was not raised in opposition to summary judgment); *Koblosh v. Adelsick*, 1996 U.S. Dist. LEXIS 19335 (N.D. Ill. 1996).

B. <u>PLAINTIFF CANNOT ASSERT A "REGARDED AS" THEORY IN HER OPPOSITION TO SUMMARY JUDGMENT SINCE SHE FAILED TO RAISE SUCH A THEORY IN EITHER HER EEOC CHARGE OR HER COMPLAINT.</u>

Plaintiff attempts to side-step the undisputed fact that she was not actually disabled through a wholesale change in her legal theory: that Zale discriminated against her because it mistakenly "perceived" her to be disabled. *See* Pl.s Mem. at 5-9.

As an initial matter, the Plaintiff's MCAD/EEOC Charge, attached as Exhibit A, does not even allude to the possibility that Plaintiff believed she was discriminated against on the basis of a mistaken perception that she was disabled. As a general rule, a plaintiff cannot bring claims in a lawsuit that were not included in an MCAD or EEOC charge. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). Both the ADA and Chapter 151B require an employee to file an administrative charge as a prerequisite to commencing a civil action for employment discrimination. *See* 42 U.S.C. §12117; Mass. Gen. L. ch. 151B, §§ 5-9. Although the rule is not jurisdictional, it is a condition precedent with which plaintiffs must comply. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392 (1982). Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge. *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996) (plaintiff's subsequently asserted claim of racial harassment was not within the scope of his administrative claim of disparate treatment based on race); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (former employee's claim of sexual harassment was not within the scope of her administrative charge of sex discrimination); *Powers v. Grinnell Corp.*, 915 F.2d 34, 37 (1st Cir.1990) (addressing charge requirements under the ADEA); *Ruffino v. State Street Bank and Trust Co.*, 908 F. Supp. 1019, 1037 (D. Mass. 1995). The situation here goes beyond those in the above

cited cases because here the allegations recently made in the objection to defendant's motion for summary judgment exceed both the scope of the MCAD/EEOC Charge *and* the Complaint.

Nowhere in the Charge or the Complaint do Plaintiff and her attorney use any words typically associated with a "regarded as" claim.[1] *See* Plaintiff's Charge of Discrimination, Nov. 6, 2003, attached as Exhibit A. In *Burke v. Nalco Chemical Co.*, the court rejected the plaintiff's "regarded as" discrimination claim where the EEOC charge alleged discrimination only "on the basis of" specific disabilities, without mention of any "misperception" on the part of the employer. *See* 1996 U.S. Dist. LEXIS 10190, at *15-16 (N.D. Ill. July 17, 1996). Similarly, in *Cebertowicz v. Motorola, Inc.*, discussed in more detail *infra*, the court questioned whether the plaintiff's EEOC charge alleging discrimination based only on an actual disability was sufficient to support a later "regarded as" claim. *See* 178 F. Supp. 2d 949, 953, n. 6 (N.D. Ill. 2001).

Even if the omission of a "regarded as" theory in Plaintiff's EEOC charge is not fatal to her new theory, Plaintiff's failure to include any mention of Zale's alleged "misperceptions" in her Complaint certainly is. "It is well-settled that plaintiffs are generally not permitted to raise brand new theories of their case in opposition to a motion for summary judgment." *U.S. v. Mountzoures*, 376 F. Supp. 2d 13, 19 (D. Mass. 2005); *Agri-Mark, Inc. v. Niro, Inc.*, 233 F. Supp. 2d 200, 207 (D. Mass. 2002) (collecting cases). Plaintiff is, in effect, attempting "to amend her Complaint – and after the close of discovery, at that – through arguments that she makes in her brief in opposition to summary judgment." *See Cebertowicz*, 178 F. Supp. 2d at 953. This Court should reject these efforts.

---

[1] The principle that an administrative charge will be liberally construed where prepared by an individual appearing pro se is inapplicable here because the MCAD charge reflects that plaintiff was represented by her current attorney at the time of filing.

*Cebertowicz v. Motorola, Inc.* dealt with precisely this situation. *See id.* at 952-54. In that case, both the plaintiff's EEOC charge and her complaint asserted that various medical conditions "constituted a disability within the meaning of the [ADA]." *Id.* at 952. Yet, in responding to the employer's summary judgment motion, the plaintiff "abandoned that claim" by "failing to advance any argument that she qualifie[d] as disabled" under the ADA. *Id.* Instead, in opposing summary judgment, the plaintiff contended that the employer "regarded her as disabled and discriminated against her because of that misapprehension." *Id.* At 952-53. The court rejected the plaintiff's "maneuver," in part, because the "regarded as" claim was a "new issue that was not raised in her Complaint." *Id.* at 953. The court went on to note that *de facto* amendment of the complaint through arguments first advanced in a memorandum opposing summary judgment is "not permitted." *Id.*

Permitting Plaintiff here to do exactly what the court in *Cebertowicz* rejected would greatly prejudice Defendant. Discovery has long been closed. Zale had no notice whatsoever that Plaintiff would pursue a "regarded as" claim, and thus was deprived of any opportunity to conduct discovery directed toward that specific issue. The difference between a claim based on an actual disability – which is all that Mount has asserted until now – and one based on a mistaken perception of a disability is not a technical one. "Regarded as" claims not only employ a wholly different legal test,[2] *see Sullivan v. Neiman Marcus Group, Inc.*, 358 F.3d 110, 114-18 (1st Cir. 2004), but "turn[] on the employer's perception of the employee, a question of intent,

---

[2] To prove an actual disability, a plaintiff must "demonstrate that his impairment substantially limits one or more of his major life activities." *Sullivan v. Neiman Marcus Group, Inc.*, 358 F.3d 110, 114-15 (1st Cir. 2004). Alternatively, "there are two ways in which an employee can demonstrate that his employer regarded him as disabled: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Id.* at 117.

not whether the employee has a disability." *Francis v. City of Meriden*, 129 F.3d 281, 284 (2d Cir. 1997).

Moreover, Zale's Memorandum in Support of Summary Judgment specifically noted that it did not address the "regarded as" or "record of" prongs of a disability claim because Plaintiff had never asserted one. *See* Def.'s Mem. at 4, n. 3 ("An individual may also be considered disabled under the statutes if she has 'a record of' a substantially limiting impairment or is 'regarded as having such an impairment' . . . . *Plaintiff has not alleged either of these alternate bases. Therefore, Zale addresses only Mount's claim that she had an actual disability.*") (emphasis added). In short, Plaintiff's attempt to alter her very theory of recovery at this late stage, and in such a backhanded manner, should be rejected.

Since Plaintiff has not properly raised her "regarded as" claim, summary judgment must enter in favor of Defendant on Mount's disability discrimination claims. As noted in Zale's Memorandum in Support of Summary Judgment, it is "axiomatic that no disability discrimination claim lies unless the plaintiff can establish that she is disabled or handicapped" under the applicable statutes. Def.'s Mem. at 4. There is no question that Mount was not actually disabled; indeed, she does not even attempt to argue as much in her opposition to summary judgment. Thus, Plaintiff cannot show that she was disabled as that term in defined by 42 U.S.C. § 12102(2)(A) or Mass. G.L. c. 151B § 1(17)(a). Furthermore, there is also no question that her attempt to assert a "regarded as" claim is impermissible. Thus, she cannot show that she was disabled under 42 U.S.C. § 12102(2)(C) and Mass. G.L. c. 151B § 1(17)(c),

either.[3] Because Plaintiff cannot show that she was "disabled" under the applicable statutes, her disability discrimination claims must succumb to summary judgment in favor of Zale.

### C. EVEN IF PROPERLY RAISED, PLAINTIFF'S "REGARDED AS" CLAIM COMPLETELY LACKS MERIT.

Notwithstanding the impropriety of raising it at this stage of the litigation, Plaintiff's "regarded as" claim is meritless. In order to succeed on such a claim, Plaintiff would have to show that Zale either (a) mistakenly believed that Mount had a physical impairment that substantially limits one or more major life activities, or (b) mistakenly believed that an actual, nonlimiting impairment substantially limited one or more major life activities. *See Sullivan*, 358 F.3d at 117 (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492 (1999)). Because Zale has conceded for the purposes of this motion that Plaintiff's depression constituted an "impairment," the only question (now that Mount has asserted her new theory) is whether Zale "mistakenly believed" that Mount's depression "substantially limited" her ability to work. The evidence in this case unequivocally answers that question in the negative.

To show that Zale mistakenly believed that Plaintiff's depression substantially limited her ability to work, Mount must show that Zale regarded her as "significantly restricted in [her] ability to perform either a class of jobs or a broad range of jobs in various classes as compared with the average person having comparable training, skills, and abilities." *Sullivan*, 358 F.3d at 117; *Tardie v. Rehabilitation Hosp. of Rhode Island*, 168 F.3d 538, 542 (1st Cir. 1999) (quoting 29 C.F.R. § 1630.2(j)(3)). Because "the inability to perform a single, particular job does not constitute a substantial limitation [to] working," Mount must show more than simply that Zale regarded her as unable to perform the job of store manager. *See Tardie*, 168 F.3d at 542; *City of*

---

[3] There is no allegation – at this point in the proceedings, anyway – that Plaintiff met the definition of "disabled" because she had "a record of" a substantially limiting impairment.

*New Bedford v. Mass. Comm'n Against Discrimination*, 440 Mass. 450, 466, 799 N.E.2d 578, 590 (2003). This she cannot do.

The facts completely undermine Plaintiff's allegations that Zale held a "mistaken belief" that her depression "substantially limited" her ability to work in a "class" or "broad range" of jobs. It is undisputed that at the time her medical leave expired in late June 2003, Plaintiff was ready, willing, and able to work a 40 hour-per-week schedule. *See* Defendant's Statement of Undisputed Facts ("Def.'s Stmt."), Jan. 31, 2006, ¶ 30; *accord*, Plaintiff's Statement of Material Facts in Dispute ("Pl.'s Stmt."), Mar. 3, 2006, ¶ 30. Zale was fully aware of Plaintiff's ability to work such a schedule; it is undisputed that Plaintiff sent the interim acting store manager a copy of her prospective 39.5-hour schedule for her first week back following leave. *See* Def.'s Stmt. ¶ 30; Pl.'s Stmt. ¶ 30. In fact, Zale also believed that Plaintiff was fully capable of working a manager's schedule in excess of 40 hours per week, and expected her to do so upon returning from leave.[4] *See* Def.'s Stmt. ¶ 34.

Plaintiff's allegation – that Zale "knew that Plaintiff's depression had worsened to the point where she had been unable to work in *any* job, let alone a broad class of jobs" – has no support in the facts *and* proves too much. *See* Pl.'s Mem., p.7. At best, Plaintiff has shown that Zale regarded her as unable to work more than 40 hours per week. As the court in *Tardie v. Rehabilitation Hospital of Rhode Island* noted:

> [T]he fact that [the employer] may have regarded [Plaintiff] as unable to work more than 40 hours per week, and thereby unable to perform her particular job, does not mean that [the employer] regarded her as being substantially limited in the major life activity of working. An impairment that disqualifies a person from only a narrow range of jobs is not considered a substantially limiting one. . . . [T]here are vast employment opportunities available which require only 40 hour workweeks.

---

[4] It is worth reiteration that Plaintiff's own doctor's note stated that as of June 27, 2003, Plaintiff was capable of "full time/duty." *See* Def.'s Stmt. ¶ 45; *accord*, Pl.'s Stmt. ¶ 45.

168 F.3d at 542. On the other hand, her assertion that she was unable to work in *any* job completely undermines her claim for disability discrimination, under any theory, as she admits that she is not a qualified person with a disability or a qualified handicapped person.

Plaintiff also points to Zale's knowledge that she was experiencing some depressive symptoms over several months as a result of her father's death, *see* Pl.'s Mem. at 5-7, as evidence that Zale regarded Mount as substantially limited in the major life activity of working. Yet, this evidence is wholly insufficient to establish a "regarded as" claim. Mount must show more than simply that her "employer perceived [her] as *somehow* disabled; rather, [she] must prove that the employer regarded [her] as disabled *within the meaning of the ADA*." *Sullivan*, 358 F.3d at 118 (affirming summary judgment for defendant where plaintiff "failed to present any evidence beyond his own termination demonstrating that Neiman Marcus may have believed that he could not perform the essential functions of either a class of jobs or a broad range of jobs in various classes."); *Benoit v. Technical Mfg. Corp.*, 331 F.3d 166, 176 (1st Cir. 2003) (emphasis in original). As discussed above, Plaintiff has failed to do so.

Additionally, Plaintiff attempts to spin Zale's knowledge of and agreement to Mount's medical leave as somehow establishing that Zale regarded her as disabled under the ADA. Again, however, such actions on Zale's part are insufficient to support a "regarded as" claim. "[A]n employee is not regarded as disabled merely because an employer acts in response to restrictions imposed by an employee's physician." *Mack v. Strauss*, 134 F. Supp. 2d 103, 110 (D.D.C. 2001) (internal quotes and citations omitted). The mere fact that Zale strove to accommodate the Plaintiff's depression by acquiescing to her request for leave does not mean that it mistakenly perceived her to be disabled under the applicable statutes. *See Benoit*, 331 F.3d at 176 (affirming summary judgment for employer on "regarded as" claim, noting that an

employer's accommodation of injured employee "shows no more than [the employer's] possible awareness of a temporary injury"); *Mack*, 134 F. Supp. 2d at 110 ("An employer's attempts to accommodate an employee's concerns and perceived needs do not establish that the employer regarded the employee as having a disability.").

Similarly, the fact that Plaintiff was on FMLA leave for depression is insufficient to support her "regarded as" claim. In *Ogborn v. United Food & Commercial Workers Union, Local No. 881*, 305 F.3d 763, 767 (7th Cir. 2002), the plaintiff went on FMLA leave due to depression for approximately eight weeks. In rejecting the plaintiff's "regarded as" claim, the court noted that the plaintiff had "not presented evidence that [the employer] held exaggerated views about the seriousness of his illness. . . . These facts do not suggest that [the employer] thought that [the plaintiff's] depression prevented him from working for a length of time in excess of the actual time he was on medical leave." *Id.* at 768. In the instant case, Plaintiff has identified no evidence that supports her theory that Zale held "exaggerated" or "mistaken" views as to the seriousness of her condition, or that it would prevent her from working beyond the period of her leave. Given these obvious shortfalls in Plaintiff's "regarded as" claim, summary judgment for Zale is appropriate.

D. BECAUSE PLAINTIFF WAS NOT "DISABLED" AS DEFINED BY THE ADA, HER REASONABLE ACCOMMODATION CLAIM FAILS.

To defeat summary judgment on her reasonable accommodation claim, Plaintiff must have adduced sufficient evidence for a jury to find, *inter alia*, that she was disabled within the meaning of the ADA. *See, e.g., Estades-Negroni v. Associates Corp. of N. Am.*, 377 F.3d 58, 63 (1st Cir. 2004); *Rocafort v. IBM Corp.*, 334 F.3d 115, 119 (1st Cir. 2003). Since Plaintiff does not even attempt to argue that she was *actually* disabled under 42 U.S.C. § 12102(2)(A) or Mass. G.L. c. 151B § 1(17)(a), *see supra* Section A, and cannot possibly show that she was *regarded as*

disabled under 42 U.S.C. § 12102(2)(C) and Mass. G.L. c. 151B § 1(17)(c), *see supra* Sections B and C, Plaintiff cannot establish that she was "disabled" under the statutes. Therefore, her reasonable accommodation claim fails as a matter of law, and Zale is entitled to summary judgment on the issue.

### E. PLAINTIFF'S RETALIATION CLAIMS UNDER THE ADA, CHAPTER 151B, AND THE FMLA ALL FAIL BECAUSE PLAINTIFF WAS NOT SUBJECTED TO AN ADVERSE EMPLOYMENT ACTION.

In order to make out a prima facie case of retaliation under the ADA, Chapter 151B, and the FMLA, Mount must show, *inter alia*, that she was subjected to an adverse employment action. *See, e.g., Soileau v. Guilford of Maine, Inc.*, 105 F.3d 12, 16 (1st Cir. 1997) (stating elements of prima facie retaliation claim under ADA); *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 161 (1st Cir. 1998) (stating elements of prima facie retaliation claim under FMLA). In this case, there are two possible "actions" that Plaintiff claims were "adverse." First, Plaintiff claims that Zale's requirement that she work a manager's schedule, rather than merely 40 hours per week, constitutes an adverse employment action. Second, Plaintiff claims that her abandonment of her position constituted some sort of "constructive termination" amounting to an adverse employment action. Neither claim holds water.

#### 1. A SLIGHT INCREASE IN PLAINTIFF'S HOURS IS NOT AN ADVERSE EMPLOYMENT ACTION.

First, it is undisputed that by requiring Plaintiff to work a manager's schedule, Zale was simply requiring Mount to work a mere four-hours-per-week more than she had averaged prior to her leave. This simple, undisputed fact completely eviscerates Plaintiff's claim that Zale "took the adverse action of radically altering the Plaintiff's work schedule." Pl.'s Mem. at 22. The case law is unanimous that such a slight extension of Plaintiff's hours does not rise to the level of an adverse employment action. *See* Def.'s Mem. at 18-20; *see also, e.g., Grube v. Lau Indus.*,

*Inc.*, 257 F.3d 723, 728 (7th Cir. 2001); *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 769-71 (5th Cir. 2001); *Benningfield v. City of Houston*, 157 F.3d 369, 377 (5th Cir. 1998). Notably, Plaintiff does not identify any cases that support her contention that the de minimis increase in her weekly hours constitutes an adverse employment action for the purposes of retaliation under the ADA, Chapter 151B, and the FMLA. *See* Pl.'s Mem. at 21-22, 28-29.

2. PLAINTIFF WAS NOT "TERMINATED"; SHE WILLINGLY ABANDONED HER EMPLOYMENT.

Plaintiff's cries of "termination" are self-serving and conclusory, directly contrary to documentary evidence, and are a poorly disguised attempt to position herself for this litigation. The credible record evidence plainly shows that Plaintiff abandoned her employment. Since Mount has adduced no evidence other than her self-serving and conclusory testimony that she was terminated by Zale – and the documentary evidence shows that she left her employment on her own accord – she cannot show that she was subjected to an adverse employment action. Thus, her retaliation claims under the various statutes must fail.

The only facts material to the abandonment issue are as follows. In late June 2003, Zale informed Plaintiff that she would be required to work a manager's schedule in order to retain her position as manager. *See* Def.'s Stmt. ¶ 34; *accord*, Pl.'s Stmt. ¶ 34. Plaintiff informed Zale that she was unwilling to do so. *See* Def.'s Stmt. ¶ 35; *accord*, Pl.'s Stmt. ¶ 35. On June 26, 2003 Zale sent Plaintiff a letter indicating that if she did not return to work by June 30, Zale would consider her to have voluntarily resigned her employment. *See* Def.'s Stmt. ¶ 42; *accord*, Pl.'s Stmt. ¶ 42. The letter also invited Plaintiff to contact Zale representatives if any "circumstances . . . should be taken into consideration" or if she had "any questions." *See* Def.'s Stmt. ¶ 43; *accord*, Pl.'s Stmt. ¶ 43. Plaintiff made no effort to respond to Zale before, on, or after June 30, 2003. *See* Def.'s Stmt. ¶¶ 47-48.

"[W]here documentary evidence contradicts a non-moving party's conclusory testimony, a motion for summary judgment must be granted." *Consolidated Cigar Corp. v. Monte Cristi de Tabacos, c.x.a.*, 2000 U.S. Dist. LEXIS 21017, at *13-14 (S.D.N.Y. 2000) (citing *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996). Notably, Plaintiff asserts that she "understood" her employment to be terminated on June 26, 2003. Pl.'s Stmt. ¶ 40. Plaintiff's subjective understanding, however, is not sufficient to establish that she was terminated in light of the documentary evidence that she abandoned her position when she failed to appear on June 30 or in any way contact Zale after receipt of the June 26 letter. Plaintiff has presented no evidence whatsoever, beyond her conclusory testimony, that she was, in fact, terminated. Nor could she; Zale made every effort to ensure that she could retain her position if she were willing to work the required schedule. Indeed, Plaintiff's assertion that she was "terminated" is completely inconsistent with Zale's invitation to discuss Mount's "circumstances" or any "questions" with regard to her return to work.

F. THE REMAINDER OF PLAINTIFF'S FMLA CLAIMS LACK MERIT BECAUSE ZALE DID NOT INTERFERE WITH OR DENY HER ANY BENEFITS TO WHICH SHE WAS ENTITLED UNDER THE STATUTE.[5]

It is undisputed that Plaintiff was given an opportunity to return to her job at Zale with the same "pay, benefits, and working conditions" following her FMLA leave. *See* 29 C.F.R. § 825.215(a). The only difference whatsoever was a de minimis four-hour-per-week increase to her working schedule. Had Mount chosen to return, the position would have "involve[d] the same or *substantially similar* duties and responsibilities." *Id.* (emphasis added). "The requirement that an employee be restored to the same or equivalent . . . terms and conditions of

---

[5] Because it believes the issue was adequately briefed in its initial Memorandum in Support of Summary Judgment, Zale does not now address whether Mount had a "serious health condition" entitling her to FMLA protection. *See* Def.'s Mem. at 23-28.

employment does not extend to de minimis . . . aspects of the job" – in this case, a four-hour-per-week increase. 29 C.F.R. § 825.215(f).

The FMLA, by its own terms, does not countenance employer liability in situations like the instant case. The section of the statute governing post-leave restoration includes the following limiting language: "Nothing in this section shall be construed to entitle any restored employee to . . . any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave." 29 U.S.C. § 2614(3). By the terms of section 2614(3), the mere fact Mount took leave does not entitle her to the "right" to demand that she be exempted from the standard manager's schedule. It is inarguable that had Plaintiff never taken leave, she would not have been entitled (a) to work 40 hours per week and (b) to retain her manager's position. *See, e.g., Dressler v. Community Serv. Commc'ns, Inc.*, 275 F. Supp. 2d 17, 25 (D. Me. 2003) (rejecting FMLA interference claim where employee could not show that he was entitled to certain position); *Patterson v. Alltel Info. Servs., Inc.*, 919 F. Supp. 500, 505 (D. Me. 1996) (employee not entitled to return to position where position was eliminated during employee's FMLA leave). Therefore, Mount cannot show that Zale interfered with her rights under the FMLA, and summary judgment is appropriate.

## III. Conclusion

For the foregoing reasons, in addition to those advanced in Defendant's Memorandum in Support of Summary Judgment, summary judgment in favor of Defendant Zale Delaware, Inc. should be GRANTED.

DEFENDANT ZALE DELAWARE, INC.

By its attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (BBO #556329)
One Citizens Plaza, Suite 500
Providence, Rhode Island  02903
(401) 454-1000
(401) 454-1030 (fax)

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 20, 2006.

/s/ Marilyn Lovely