UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN MOUNT, | : |
|           Plaintiff, | : |
| v. | :    C.A. No. 3:04-CV-30152-MAP |
| ZALE DELAWARE, INC., | : |
|           Defendant. | : |

### DEFENDANT'S OBJECTION TO
### PLAINTIFF'S MOTION TO FILE A SUR-REPLY MEMORANDUM

Defendant Zale Delaware, Inc. hereby objects to Plaintiff Susan Mount's Motion to File a Sur-Reply Memorandum[1] ("Pl.'s Mot.") filed on or about March 22, 2006.

Defendant submits that this Court should deny Plaintiff's Motion because she has not "establishe[d] the inability to contest matters presented to the court for the first time in the opposing party's reply." *Moore's Federal Practice* (3d ed. 2005), § 56.10[4][b], at 60. "Leave to file a surreply is generally only granted in 'rare circumstances' as where the movant 'improperly raises new arguments in a reply.'" *See Jackson v. United Postal Serv.*, 162 F. Supp. 2d 1246, 1249 n. 2 (D. Kan. 2001). To the extent any arguments in Defendant's Reply Memorandum were "new," *see* Pl.'s Mot. ¶ 1, it is only because Plaintiff raised an *entirely new theory* of her case in her memorandum opposing summary judgment. Thus, any "new" issues are entirely of Plaintiff's own making.

Furthermore, even if Plaintiff's self-serving assertions as to her need to file a sur-reply are taken at face value, this Court should still deny her Motion. "A surreply is most appropriate

---

[1] The Plaintiff's filing is technically entitled "Plaintiff's Motion and Memorandum In Support of Her Request to File a Sur-Reply Memorandum (Not to Exceed 15 Pages) Regarding the Defendant's Motion for Summary Judgment."

P132863.1

where the new matter introduced is factual." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002). In the present matter, no new facts have been alleged that would necessitate a sur-reply memorandum. Additionally, "because [Plaintiff's] contention does not allege a new matter, but rather an alleged mischaracterization," *see* Plaintiff's Mot. ¶¶ 2-3, it should be denied. *See Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

Respectfully submitted,

DEFENDANT ZALE DELAWARE, INC.

By its attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (BBO #556329)
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
(401) 454-1000
(401) 454-1030 (fax)

March 23, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 23, 2006.

/s/ Marilyn Lovely