UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 3:04-CV-30152-MAP

SUSAN MOUNT,
                Plaintiff

v.

ZALE DELAWARE INC.,
                Defendant

## PLAINTIFF'S SUR-REPLY MEMORANDUM REGARDING TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff has properly asserted that the Defendant ("Zale") regarded her as disabled[1] and that Zale had ample notice of such a theory.  In her MCAD Charge, the Plaintiff alleged, in relevant part, discrimination based upon "Handicap, disability, Americans with Disabilities Act (ADA)…retaliation, M.G.L. c. 151B." *See Def.'s Reply Mem.*, *Exh. A*, p. 1.  Being "regarded as" disabled and/or handicapped is encompassed by the very definitions of "disability" and "handicap." *See* 42 U.S.C. § 12102(2); M.G.L. c. 151B, 1(17).  The MCAD requires a concise statement of alleged discriminatory acts, and says nothing about alleging specific theories of discrimination. *See* 804 C.M.R. § 1.10(5)(b).  Significantly, the U.S. Supreme Court has rejected the heightened standard of pleading which would require a plaintiff to specifically plead a "regarded as" theory of discrimination under the ADA. Sanzo v. Uniondale Union Free School District, 225 F.Supp.2d 266, 269 (E.D.N.Y. 2005)(citing Swierkiewicsz v. Sorema N.A., 534 U.S. 506 [2002]).  Also, Zale's *Answer* indicates that it had notice of the availability of different theories of handicap and/or disability discrimination. *See Answer*, p. 4, First Defense (referring to "claims made based upon handicap and disability discrimination").

The case of Lattimore v. Polaroid Corp., 99 F.3d 456 (1st Cir. 1996) is distinct from the instant case, since after having alleged racial discrimination based upon disparate treatment in his

---

[1] The terms "disabled" and "disability" are used herein to refer to the definitions of "disability" under 42 U.S.C. § 12102(2) and "handicap" under M.G.L. c. 151B, § 1(17) as the latter two definitions mirror each other.

MCAD charge, the plaintiff later amended his court complaint to allege racial harassment, based

on *newly alleged facts*, incidents which occurred prior to the incidents listed in his MCAD

charge. Lattimore, 99 F.3d at 464.  The Lattimore court found that the two claims were based on

"different facts that are separate and distinct both qualitatively and temporally," and "relate[d] to

the conduct of different individuals." *Id*. at 465.  The current Plaintiff has not alleged new facts

which occurred in a different time period, nor has Zale asserted that she has done so.

In the case of Powers v. Grinnell, 915 F.2d 34, 37 n. 2 (1st Cir. 1990) the 1st Circuit

rejected the employer's argument that it lacked notice of the breadth of the plaintiff's

discrimination claims, finding that the plaintiff had provided ample notice to the defendant that

he intended to try more than one theory of age discrimination. *Id*.; *see also* Edwin v. Blenwood

Associates, Inc., 9 F.Supp.2d 70, 73 (D.Mass. 1998)(MCAD charge need not be "a blueprint for

the litigation to follow…[T]he exact wording of the charge of discrimination need not presage

with literary exactitude the judicial pleadings to follow…Rather the critical question is whether

the claims come within the scope of the [MCAD] investigation which can reasonably be

expected to grow out of the charge of discrimination").

In the case of Ruffino v. State Street Bank and Trust Co., 908 F. Supp. 1019, 1039

(D.Mass. 1995), the court held that the plaintiff had failed to allege specific conduct, during the

limitations period to support a claim for hostile environment sexual harassment.  Again, Zale has

made no allegation that the Plaintiff relies on different facts than those set forth in her MCAD

Charge or her Complaint to support her theory of disability and/or handicap discrimination.

The case of U.S. v. Mountzoures, 376 F. Supp. 2d 13 (D. Mass. 2005) is distinct from the

current case in that it involved an assertion of third-party beneficiary status *after* financial

distributions were made by the opposing party, and the party claiming such status knew of such

distributions and did not object or assert a right to priority.  Similarly, in Agri-Mark v. Niro, Inc.,

233 F.Supp.2d 200, 207 (D.Mass. 2002), the court found that the plaintiff contradicted

representations previously made to the court, specifically, relying on one theory during the defendant's initial motion for summary judgment and raising a different theory, centered on a different piece of evidence, later in the litigation.

The Plaintiff has raised a genuine issue of material fact as to whether Zale perceived her as unable to work in a broad class of jobs at the time of her termination of employment since she was unable to work in any job during her FMLA leave, and requested further leave soon before trying to return to work. While she indicated that she could work a 40-hour work week, it is clear that at that point, Zale perceived her as substantially limited in the major life activity of working due to the length of time of her depression, its worsening over time, and the very real prospect that it was unresolved due to her recent need for an extension of leave. Zale's clearly arbitrary implementation of the "Manager's schedule," directly on the heels of the Plaintiff's leave, request for additional leave and assertion of her ability to work 40 hours per week speaks to its belief that she would be substantially limited in working and of its desire to be rid of her due to her struggle with depression.

The Plaintiff did not suffer simply a "slight extension" of her hours, and has cited case law which supports the contention that a change to her work schedule does constitute adverse action. *See Pl.'s Opp. Mem.*, pp. 21-22.; *see also* Mondzelewski v. Pathmark Stores, 162 F.3d 778, 786-788 (3rd Cir. 1998)(holding that a schedule change may constitute a change in the terms, conditions, and privileges of employment so as to violate 42 U.S.C. § 12203[a]); Davis v. Mothers Work, Inc., LoisLaw, p. 10, n. 17 (E.D.Pa. 2005)[2](unfavorable schedule change can constitute an adverse employment action).

The evidence clearly shows that the Plaintiff was constructively discharged, as she was subject to the adverse action of the radical change in her schedule and told that unless she adhered to it, she had no job. *See Pl.'s Facts*, ¶¶ 31, 34. The "documentary evidence" which

---

[2] A copy of this case is attached as Exhibit 1 to the *Affidavit of Michael O. Shea*, which is attached hereto. Page numbers refer to the actual pages of the Exhibit.

Zale appears to refer to as contradicting the Plaintiff's testimony, in support of Zale's argument, actually reveals its intent to terminate her employment. *See Def.'s Reply Mem.*, p. 14. The Plaintiff was *already considered to have voluntarily resigned* when she received the letter. Between Zale's confirmation that the Plaintiff no longer had a job unless she worked a very different schedule, and its utterly transparent invitation to contact Zale regarding her job, the Plaintiff rightfully considers herself to have been constructively discharged.

Finally, the Plaintiff strongly disputes that she was able to return to her job at Zale with the same "pay, benefits, and working conditions" following her FMLA leave. *See* 29 C.F.R. § 825.215(a); *Def.'s Reply Mem.*, pp. 14-15. The newly-imposed schedule did not simply include a four-hour per week increase in hours. *Pl.'s Mem.*, p. 10. The new schedule required that the Plaintiff work an extra eight hours per week and two 12-hour shifts. *See id.* at 10-11. Moreover, this schedule was *never* before imposed on the Plaintiff until she took FMLA leave, requested an extension of that leave, and tried to return to work.

Respectfully submitted,

The Plaintiff
SUSAN MOUNT
By Her Attorneys
 /s/ Michael O. Shea                                                    March 31, 2006
MICHAEL O. SHEA, ESQ.
BBO No. 555474
ANNE S. DIEBOLD, ESQ.
BBO No. 657626
Law Office of Michael O. Shea, P.C.
451 Main Street
Wilbraham, Ma 01095
Telephone No.: (413)596-8005
Facsimile No.: (413)596-8095

Certificate of Service

I here by certify that a true copy of the foregoing was served to Counsel for the Defendant by electronic filing through the ECF system on this 31st day of March, 2006.

 /s/ Michael O. Shea
Michael O. Shea

4