UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 3:04-CV-30152-MAP

SUSAN MOUNT,
         Plaintiff

v.

ZALE DELAWARE INC.,
         Defendant

**PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING SUMMARY JUDGMENT, AND SUPPORTING MEMORANDUM**

NOW COMES the Plaintiff, Susan Mount, in the above-captioned case, and hereby moves for reconsideration regarding the Defendant's Motion for Summary Judgment.

The Court allowed the Plaintiff to file a motion for reconsideration specifically limited the issue of whether there was either a "48- hour week" rule or a "2 12-hour shift" rule that applied to the Plaintiff before her leave of absence for depression. At oral argument on the Motion for Summary Judgment, Judge Ponsor essentially indicated that if a reasonable jury could infer that either of said rules was not in place and applicable to the Plaintiff prior to her leave for depression, then the Defendant should be denied summary judgment at least with respect to the first three counts of the Plaintiff's Complaint. Judge Ponsor also instructed Counsel that he did not want any additional evidence or legal argument presented in any motion for reconsideration, beyond what had already been presented by the Parties. Following this specific instruction, the Plaintiff says that evidence presented, particularly viewed in the light

most favorable to her, supports the position that neither rule was in place or applicable to the Plaintiff prior to her leave.

From the time that Mr. Gretzky (Gretzky) became Regional Manager, in approximately the spring of 2000, until the termination of the Plaintiff's employment with the Defendant, the Plaintiff sent schedules reflecting her weekly hours to her Regional Manager. (Pl. Dep. 50-52; Exh. 2) [1] The Plaintiff was never spoken to or reprimanded about these schedules, although she often worked less than 48 hours per week. (Pl. Dep. 116; Exh. 2; and Pl.'s Aff., Pars. 5-6; Exh. 6) The Plaintiff's scheduled hours <u>depended on the store's needs</u> as opposed to a minimum number of hours. (Pl. Dep. 48; Exh. 2; and Pl.'s Aff., Par. 6; Exh. 6)

When Gretsky was the Plaintiff's manager, Gretzky did not have any conversations with the Plaintiff regarding time requirements of the Plaintiff as a Manager, except that the Plaintiff was to schedule her hours "according to the store's needs." (Pl. Dep. 50-53; Exh. 2) As noted above, the Plaintiff, in fact, worked under 48 hours per week. (Pl. Dep. 50; Exh. 2)

Mr. Marcil (Marcil) became Regional Manager in April or May of 2002. (Pl. Dep. 80; Exh. 2) The Plaintiff continued to send her weekly schedules to Marcil by facsimile, as she had done for Gretsky, and she scheduled herself 40 hours per week with no required 12-hour shifts. (*Id.* at pp. 80-81) With the exception of holiday seasons, during which she might put in longer hours, this schedule was the one the Plaintiff worked for three years. (*Id.* at p. 81) Marcil admitted to receiving facsimiled schedules from the Plaintiff, and he had not raised them as an issue with the Plaintiff. (Marcil Dep. 116; Exh. 5)

Marcil told the Plaintiff, upon her attempt to return from her leave for depression, that the Plaintiff needed to adhere to a minimum 48-hour week, and 2 12-hour mandatory shifts, and that

---

[1] The Exhibits referenced herein refer to the Exhibits attached to the Plaintiff's Rule 56.1 Statement on file with the Court.

2

"Vicki McGuire has gotten aggressive with the managers schedules." (Pl. Dep. 146-152; Exh. 2) According to the Plaintiff, Marcil wanted the Plaintiff to work a 48-hour week <u>and</u> 2 12-hour shifts, but Marcil would have been willing to move the 2 12-hour shifts around. (Pl. Dep. 158-159; Exh. 2)  Based on these facts, a reasonable jury could find that the Plaintiff was not informed that the Defendant had a rule that Managers must work a minimum 48-hour week and 2 12-hour shifts per week, prior to the Plaintiff's leave for depression.  A reasonable jury could also find that the Defendant, in fact, had no such rules in place for Managers prior to the Plaintiff taking leave for depression, and that the Defendant's management <u>for the first time</u> told the Plaintiff, upon her attempted return from leave, that she had to work both a minimum 48-hour week <u>and</u> 2 12-hour shifts.  (Pl. Dep. 150; Exh. 2)  Based upon the above-cited facts, read in the light most favorable to the Plaintiff, a reasonable jury could infer that the 48-hour rule and the 2 12-hour shift rule were not in place and applicable to the Plaintiff before she went out on leave.

It is also important to note, however, that the Defendant's managers were contradictory on the same subject.  According to Marcil, he only discussed the purported 48-hour requirement with the Plaintiff once on June 26, 2003, and he testified that he did not mandate that the Plaintiff work 2 12-hour shifts per week. (Marcil Dep. 61, 163; Exh. 5)  Marcil did not uniformly enforce the alleged 48-hour requirement. (Marcil Dep. 51-52; Exh. 5)   According to Marcil, working 2 12-hour shifts per week was not required of Store Managers. (Marcil Dep. 84-86, 123-124, 133, 192, 196, 219-220; Exh. 5)

According to Stephanie Wheeler (Wheeler), Zale's Human Resource Business Partner, working a 48-hour work week was not listed as an essential duty and/or responsibility during the Plaintiff's tenure of employment with the Defendant.  (Wheeler Dep. 77-78, 83; Exh. 3)

3

However, completely contrary to the testimony of Marcil, Wheeler testified that a Manager was required to work 2 12-hour shifts per week. (Wheeler Dep. 36-40; Exh. 3)

In sum, if the Plaintiff was not informed of any such rules that applied to her that were in place prior to her leave of absence for depression, and the Defendant has not presented evidence that Plaintiff was informed of such rules until she attempted to return from her leave, then in the light most favorable to the Plaintiff, there are material facts in dispute as to whether such rules were in place and applicable to the Plaintiff prior to the Plaintiff's return from leave for her depression.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court allow the Plaintiff's Motion for Reconsideration and deny the Defendant's Motion for Summary Judgment.

Respectfully submitted,

The Plaintiff
SUSAN MOUNT
By Her Attorneys

 /s/ Michael O. Shea                    Date: August 1, 2006
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone No.: (413)596-8005
Facsimile No.: (413)596-8095

Certificate of Service

I hereby certify that a true copy of the foregoing Motion was served upon Counsel of record for the Defendant by electronic filing this 1st day of August, 2006.

            /s/ Michael O. Shea
           Michael O. Shea